UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL SECTION

FILED
IN CLERKS OFFICE

2004 MAY 28 A 11: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LOUIS ALBERGHINI,<br>Plaintiff,<br><br>V.<br><br>SIMONDS INDUSTRIES, INC.,<br>Defendant. | CIVIL ACTION NO.<br><br>04-40092-NMG |

**COMPLAINT**

**PARTIES**

1.   The plaintiff, Louis Alberghini, is currently sixty-three (63) years old, (DOB: August 30, 1940) and resides at 188 Lancaster Road, Berlin, Massachusetts 01503.

2.   The defendant, Simonds Industries, Inc., is a corporation duly organized by law and has a usual place of business at Intervale Road, Fitchburg, Worcester County, Massachusetts 01420.

3.   Defendant continuously employed the plaintiff from April 1982 until January 7, 2000 and again from February 2000 until May 31, 2001 at its Fitchburg, Massachusetts facility.

4.   Defendant, at all times relevant to this complaint, engaged in an industry affecting commerce and had more than 20 employees, which makes the Defendant subject to the Age Discrimination in Employment Act (ADEA), as amended.



RECEIPT # 404333
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. SJones
DATE 5-28-04

## JURISDICTION

5.      Jurisdiction is conferred on this court by 29 U.S.C. § 623 and 28 U.S.C. § 1331 and supplemental jurisdiction is conferred on this court by 28 U.S.C. § 1367.

## ALLEGATIONS

6.      On January 7, 2000, the defendant terminated the plaintiff's employment. The plaintiff was the Manager of Manufacturing Services at the time of his termination. However, approximately 30 days later, the defendant re-hired the plaintiff with no loss of prior service as a project engineer until May 31, 2001 when the defendant terminated the plaintiff a second time. The plaintiff was 60 years old at that time.

7.      The plaintiff has a Bachelor of Science degree in electrical engineering.

8.      The plaintiff satisfactorily performed the project engineer position, and other positions, such as Facilities Manager, Electrical Maintenance Supervisor, Electrical Engineer, and Manager of Manufacturing Services, that he had previously performed for the defendant during the nineteen (19) years that plaintiff worked for defendant. The defendant had never disciplined the plaintiff during his employment.

9.      The defendant hired Richard Brault (age 49) on August 14, 2000, Jeremy Dexter (age 24) on July 17, 2000 and Peter Duperry (age 24) on July 23, 2001. These employees, who are younger than the plaintiff, were retained by defendant or hired by defendant after the plaintiff was terminated, and assumed certain job duties and projects of the plaintiff after the plaintiff was terminated on May 31, 2001.

10.   When the defendant terminated the plaintiff in January 2000, the defendant alleged that it was eliminating middle-managers at the Fitchburg facility in which the plaintiff was included as the Manufacturing Services Manager. However, all the middle-managers that were terminated were age protected employees. The defendant rehired one of those middle-managers, James Bourque, who was only 48 years old at the time, and continues to employ him. The plaintiff was rehired at the Fitchburg facility as a project engineer for a little over a year and then defendant terminated him again on May 31, 2001. No middle-manager 60 years of age or older was rehired by defendant after the January 7, 2000 reduction in force on a continuing basis.

11.   Younger employees who were retained by defendant replaced the terminated middle-managers or performed or assumed the job duties of the terminated middle-managers albeit with different job titles.

12.   At the time plaintiff was terminated the second time, the defendant provided no reason for the termination to the plaintiff. The defendant has since alleged that it reorganized the engineering department and that the second termination was due to financial crisis of the company. However, after plaintiff's termination in May 2001, the defendant continued to acquire other companies, continued to hire younger engineers and other managers at high salaries despite its alleged financial constraints.

13.   The plaintiff was equally qualified to perform certain engineering positions that the defendant alleges it restructured and in which younger employees were retained or hired for those positions or performed or assumed those job duties.

14. The defendant did not treat age neutral in the reductions in force on either occasion and the defendant's alleged reasons for the plaintiff's termination on May 31, 2001 are mere pretexts for age discrimination.

15. The defendant provided the plaintiff a release of claims in connection with his termination on May 31, 2001. The release did not specifically waive state or federal age discrimination claims, nor was the purpose of the release to waive such claims. The defendant also did not provide the plaintiff with a list of employees, whose jobs were being eliminated, including the age, job titles and classifications of the affected employees. The defendant did not provide plaintiff 21 days to review the waiver and release of claims. In short, the waiver and release of claims violates most of the requirements of 29 C.F.R. § 1625.22 for a valid release of federal age discrimination claims.

16. On November 23, 2001, the plaintiff filed a timely charge of age discrimination against defendant at the Massachusetts Commission Against Discrimination (MCAD), Docket No. 012310657, which was cross-filed at the U.S. Equal Employment Opportunity Commission (EEOC), Charge No. 16C200200719.

17. On September 8, 2003, the plaintiff received a lack of probable cause disposition from the MCAD and the plaintiff timely appealed the MCAD disposition on or about September 17, 2003. The MCAD upheld its disposition on December 17, 2003.

18. The plaintiff received a Dismissal and Notification of Rights from MCAD on or about September 4, 2003 and Notice of Right to Sue from the EEOC on April 26, 2004.

4

## COUNT I -- VIOLATION OF M.G.L. C. 151B
## UNLAWFUL TERMINATION OF EMPLOYMENT

19. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18 above.

20. As a direct and proximate result of the defendant's intentional and unlawful acts of age discrimination in terminating his employment on May 31, 2001 in violation of M.G.L. c. 151B, plaintiff has suffered irreparable economic harm, losses, damages and emotional distress.

## COUNT II -- VIOLATION OF ADEA
## UNLAWFUL TERMINATION OF EMPLOYMENT

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 above.

22. As a direct and proximate result of the defendant's willful, intentional and unlawful acts of age discrimination in terminating his employment on May 31, 2001 in violation of the ADEA, plaintiff has suffered irreparable economic harm, losses, damages and emotional distress.

## COUNT III -- VIOLATION OF OWBPA

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 above.

24. As a direct and proximate result of defendant's unlawful violation of the requirements of the OWBPA, as codified at 29 C.F.R. § 1625.22, for establishing a valid waiver and release of age discrimination claims, the plaintiff has suffered irreparable economic harm, losses and damages.

## COUNT IV – CIVIL RIGHTS ACT OF 1991

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 above.

26. Defendant's conduct as alleged herein constituted intentional and unlawful age discrimination and, as a direct and proximate result, plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses for which defendant is liable to plaintiff.

WHEREFORE, the plaintiff demands judgment against the defendant, and requests that he be awarded full back pay, front pay, reimbursement for lost benefits, compensatory damages, damages for mental anguish and emotional distress, multiple and punitive damages and costs of suit, reasonable attorney's fees and interest as allowed by law, and any other relief that the court deems appropriate, fair and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY WHERE APPLICABLE**

Louis Alberghini,
The Plaintiff,
By his attorneys,

_____
Marcia L. Elliott, Esq. (BBO# 564291)
John M. Flick, Esq. (BBO# 652169)
Elliott Law Office, P.C.
301 Central Street
Gardner, MA 01440
(978) 632-7948

Dated: May 26, 2004

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-40092

FILED
IN CLERK'S OFFICE
2005 MAY 28 A 11: 46
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. Title of case (name of first party on each side only) __ALBERGHINI V. SIMONDS INDUSTRIES, INC.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐   Central Division ☒   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Marcia L. Elliott, Elliott Law Office, P.C
ADDRESS  307 Central Street, Gardner, MA 01440
TELEPHONE NO.  (978) 632-7948

(Coversheetlocal.wpd - 10/17/02)

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

04-40092

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Louis P. Alberghini
188 Lancaster Road
Berlin, MA 01503

**(b)** County of Residence of First Listed Plaintiff  Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
IN CLERKS OFFICE
Simonds Industries, Inc.
135 Intervaley Road  2004 MAY A  11:46
Fitchburg, MA 01420
County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 978 632-7948
Marcia L. Elliott, Esq.
Elliott Law Office, P.C.
307 Central Street, Gardner, MA 01440

Attorneys (If Known) (508) 926-3434
Jonathan R. Sigel
Bowditch & Dewey, LLP
311 Main St., Worcester, MA 01608

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)
☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 USC Sec. 623 and OWBPA 29 C.F.R. Sec. 1625.22

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ unspecified
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 5/28/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____