UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FILED
IN CLERKS OFFICE

2004 JUL 19  P 1: 17

| | |
|---|---|
| LOUIS ALBERGHINI, ) | CIVIL ACTION NO. 04-40092NMG |
| ) | |
| Plaintiff, ) | Jonathan R. Sigel |
| ) | BBO# 559850 |
| v. ) | |
| ) | Kathryn E. Abare |
| SIMONDS INDUSTRIES INC., ) | BBO# 647594 |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIMS

Defendant Simonds Industries Inc. ("Defendant" or "Simonds") answers the Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, denies same, except Defendant admits that Plaintiff is approximately 63 years old.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegation of paragraph 3 of the Complaint.

4. Defendant states that paragraph 4 of the Complaint contains introductory statements and legal conclusions to which no response is required. To the extent paragraph 4 contains any factual allegations, Defendant denies same, except admits that it was engaged in commerce and had more than 20 employees at all times relevant to this Complaint.

## JURISDICTION

5. Defendant states that paragraph 5 of the Complaint contains introductory statements and legal conclusions to which no response is required. To the extent paragraph 5 contains any factual allegations, Defendant denies same.

## ALLEGATIONS

6. Defendant admits the allegations of paragraph 6 of the Complaint, except is without knowledge or information as to what is meant by the phrase "no loss of prior service" in the third sentence of paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, therefore, denies same.

8. Defendant admits the allegations of paragraph 8 of the Complaint.

9. Defendant admits the allegations of paragraph 9 of the Complaint. Defendant further answers that Richard Brault's date-of-birth is 9/2/52, Jeremy Dexter's date-of-birth is 9/23/77 and Peter Duperry's date-of-birth is 2/23/78.

10. Defendant denies the allegations of paragraph 10 of the Complaint, except admits that Defendant terminated Plaintiff on January 7, 2000 as part of a Company-wide reduction-in-force and reorganization, re-hired Plaintiff in February, 2000 and continued to employ him for approximately one and one-half years.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint, except admits that the termination of Plaintiff's employment was part of a company-wide reduction-in-force to reduce costs.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14.     Defendant denies the allegations of paragraph 14 of the Complaint.

15.     Defendant admits the allegations contained in the first and third sentences of paragraph 15 of the Complaint. Defendant denies the remaining allegations of paragraph 15 of the Complaint.

16.     Defendant states that paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 16 contains any factual allegations, Defendant denies same, except Defendant admits that Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") and Equal Employment Opportunity Commission ("EEOC") on or about November 23, 2001.

17.     Defendant states that it is without knowledge or information sufficient to form a belief as to when Plaintiff received notification of the MCAD's lack of probable cause determination and, therefore, denies same; Defendant states that the remainder of the first sentence of paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent that the first sentence of paragraph 17 contains any factual allegations, Defendant denies same. Defendant admits the allegations of the second sentence of paragraph 17 of the Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, denies same, except admits that the MCAD and EEOC issued such notices as alleged.

### COUNT I – VIOLATION OF M.G.L. C. 151B
### UNLAWFUL TERMINATION OF EMPLOYMENT

19.     Defendant repeats and realleges its answers to paragraphs 1 through 18 as set forth above.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

## COUNT II – VIOLATION OF ADEA
## UNLAWFUL TERMINATION OF EMPLOYMENT

21. Defendant repeats and realleges its answers to paragraphs 1 through 20 as set forth above.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

## COUNT III – VIOLATION OF OWBPA

23. Defendant repeats and realleges its answers to paragraphs 1 through 22 as set forth above.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

## COUNT IV – CIVIL RIGHTS ACT OF 1991

25. Defendant repeats and realleges its answers to paragraphs 1 through 24 as set forth above.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails in whole or in part to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any action or nonaction by Simonds with respect to Plaintiff was for good cause and/or based upon legitimate, non-discriminatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Any actions taken and/or not taken by Simonds with respect to Plaintiff were based upon a reason or reasons other than age.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff signed a valid, enforceable waiver and release of claims against Simonds.

### FIFTH AFFIRMATIVE DEFENSE

By his words and conduct, Plaintiff has waived his claims in Counts I and II.

### SIXTH AFFIRMATIVE DEFENSE

By his words and conduct, Plaintiff is estopped from raising his claims in Counts I and II.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's employment with Simonds was terminable at will, which bars, in whole or in part, the relief sought by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

To the extent Simonds had any duty or obligations to Plaintiff, Simonds performed and satisfied such duty and obligations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Any injury suffered by Plaintiff was caused solely by his own conduct.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred for failure to exhaust applicable administrative remedies.

WHEREFORE, Simonds prays that Plaintiff's Complaint be dismissed, that Simonds be awarded its costs and attorneys' fees, and that the Court grant such other and further relief as is just and appropriate.

## COUNTERCLAIMS

1. Plaintiff is a natural person allegedly residing at 188 Lancaster Road, Berlin, Massachusetts.

2. Simonds Industries Inc. ("Simonds" or "the Company") is a corporation with a usual place of business at Intervale Road, Fitchburg, Massachusetts.

3. Plaintiff was employed by Simonds from 1983 until January 2000, when he was laid off as part of a company-wide reorganization and reduction-in-force. However, shortly thereafter, in February 2000, Simonds rehired Plaintiff who then remained employed until May 31, 2001, when he was again laid off as a result of the Company's ongoing reorganization and reduction-in-force.

4. At the time of his separation from Simonds, Plaintiff voluntarily signed a waiver and release of any claims arising out of his employment or his termination from employment with Simonds.

5. As consideration for his voluntarily signing the release and waiver of claims against Simonds, Plaintiff was paid four (4) months of separation compensation.

6. Plaintiff has retained and has not returned, or offered to return, to Simonds the separation compensation he was paid by Simonds.

## COUNT I
### (Breach of Contract)

7. Simonds repeats and realleges paragraphs 1 through 6 as if fully set forth herein.

8. As a direct and proximate result of Plaintiff's breach of his contractual obligations, Simonds has suffered and will continue to suffer damages.

WHEREFORE, Simonds demands judgment against Plaintiff in an amount to be determined by the Court, plus interest, costs and such other relief as the Court deems just and proper.

## COUNT II
### (Rescission)

9. Simonds repeats and realleges paragraphs 1 through 8 as if fully stated herein.

10. Plaintiff intentionally misrepresented to Simonds his intent to waive any claims against Simonds related to either his employment or his termination from employment with Simonds.

11. Plaintiff intentionally induced Simonds to enter into the waiver and release, knowing that Simonds was reasonably relying on Plaintiff's signature on the waiver and release and his representations that he would comply with it before Simonds paid the Plaintiff the four (4) months of separation compensation.

12. As Plaintiff intended, Simonds relied on Plaintiff's representations and conduct to Simonds' detriment.

WHEREFORE, Simonds respectfully requests that this Court rescind the waiver and release and require Plaintiff to repay Simonds for its payment to him of four (4) months of separation compensation, plus interest, costs and such other relief as the Court deems just and proper.

SIMONDS INDUSTRIES INC.

By its Attorneys,

_____
Jonathan R. Sigel, BBO #559850
Kathryn E. Abare, BBO #647594
Bowditch & Dewey, LLP
311 Main Street – P.O. Box 15156
Worcester, MA  01615-0156
508-791-3511

Dated: July 16, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 7/16/04
_____

8