UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL SECTION

| | |
|---|---|
| LOUIS ALBERGHINI,<br>　　　　Plaintiff,<br><br>V.<br><br>SIMONDS INDUSTRIES, INC.,<br>　　　　Defendant. | CIVIL ACTION NO. 04CV11042<br>　　　　　　40192 |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

NOW COMES, the Plaintiff, Louis Alberghini, to answer the counterclaims of the Defendant, Simonds Industries, Inc. as follows:

1. Plaintiff admits that he resides at 188 Lancaster Road, Berlin, Massachusetts.

2. Plaintiff admits that Simonds Industries, Inc. is a corporation and that its place of business is located at Intervale Road, Fitchburg, Massachusetts.

3. Plaintiff admits that he was employed by Simonds from 1982 until January 2000 and rehired from February 2000 until May 31, 2001. The remaining allegations contained in paragraph 3 are denied and in further answer the Plaintiff alleges that the reason for his termination was unlawful age discrimination in the conduct of such reduction in force or reorganization of the company.

4. Plaintiff admits that he signed a waiver and denies that the waiver released any claims arising out of his employment or his termination from employment with Simonds. In further answer, Plaintiff did not waive or release any age discrimination claims arising out of his employment or termination from employment with Simonds, or any future claims arising after May 31, 2001 in connection with his employment or termination of employment or Simonds. In

so far as the remaining allegations state conclusions of law, the Plaintiff is not required to answer.

5.  The Plaintiff admits that he received four (4) months of separation compensation. In further answer, the Plaintiff states he was entitled to the separation compensation under company policy and the Plaintiff did not waive or release any age discrimination claims arising out of his employment or termination from employment with Simonds, or any future claims arising after May 31, 2001 in connection with his employment or termination of employment by accepting said compensation. In so far as the remaining allegations state conclusions of law, the Plaintiff is not required to answer.

6.  The Plaintiff admits that he has retained, and has not returned, or offered to return to Simond the separation compensation he was paid by Simonds because he was entitled to said separation compensation under Simonds' policy and because he has not breached his agreement with Simonds.

## COUNT I
### (Breach of Contract)

7.  The Plaintiff repeats his answers to paragraphs 1 through 6 above and incorporates them by reference herein.

8.  The Plaintiff denies the allegations contained in paragraph 8.

## COUNT II
### (Recission)

9.  The Plaintiff repeats his answers to paragraphs 1 through 8 above and incorporates them by reference herein.

10. The Plaintiff denies the allegations contained in paragraph 10.

11. The Plaintiff denies the allegations contained in paragraph 11.

2

12. The Plaintiff denies the allegations contained in paragraph 12.

## FIRST AFFIRMATIVE DEFENSE

The Defendant's counterclaims fail to state claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff did not breach his agreement with Defendant insofar as the agreement constitutes a valid and enforceable agreement.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff did not waive any age discrimination claims or release Defendant from any age discrimination claims, or waive or release any other claims after May 31, 2001 against the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff was entitled to the separation compensation under the Defendant's policy in effect at the time of Plaintiff's termination.

## FIFTH AFFIRMATIVE DEFENSE

The separation compensation did not constitute consideration for purposes of waiving age discrimination claims or releasing the Defendant from age discrimination claims.

## SIXTH AFFIRMATIVE DEFENSE

Any damages suffered by Defendant are due to Defendant's own actions.

## SEVENTH AFFIRMATIVE DEFENSE

The agreement between the Defendant and the Plaintiff is not valid and enforceable to the extent that the Defendant seeks to enforce it; therefore, it is not subject to recission.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant's counterclaims are subject to dismissal due to Defendant's violation of law.

### NINTH AFFIRMATIVE DEFENSE

The Defendant's counterclaims are barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

The Defendant's counterclaims are barred because Defendant's waiver and release of claims is invalid with regard to age discrimination claims.

WHEREFORE, the Plaintiff prays this Court will dismiss Count I and Count II of Defendant's counterclaims, award the Plaintiff his costs and reasonable attorney's fees to defend said counterclaims, and grant Plaintiff such other relief that the Court deems just and proper.

LOUIS ALBERGHINI,
By his attorneys,

Marcia L. Elliott, Esq. (BBO# 564291)
John M. Flick, Esq. (BBO# 652169)
Elliott Law Office, P.C.
301 Central Street
Gardner, MA 01440
(978) 632-7948

Dated: October 14, 2004

## CERTIFICATE OF SERVICE

    I, John M. Flick, Esquire, hereby certify that I have this day served a true copy of the foregoing by hand to Defendant's attorney, Jonathan R. Sigel, of Bowditch & Dewey, LLP, 311 Main Street, Worcester, MA 01608-1552.

                                                                   John M. Flick, Esquire