UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LOUIS P. ALBERGHINI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIMONDS INDUSTRIES INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 04-40092-FDS <br><br><br><br> Jonathan R. Sigel BBO# 559850 <br> Kathryn E. Abare-O'Connell BBO# 647594 |

STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

In support of its Motion for Summary Judgment, pursuant to Local Rule 56.1, Defendant Simonds Industries Inc. ("Simonds," "Defendant," or "the Company") submits the following statement of material facts of record as to which Defendant contends that there is no genuine issue to be tried.

1. Simonds and its predecessors have been manufacturing cutting tools since 1832. (Affidavit of Ilda M. Thibodeau and exhibits ("Thibodeau Aff."), attached hereto as Exhibit A, at ¶ 3.)

2. The Company manufactures a wide assortment of tools that cut metal, wood, paper and plastics. (Thibodeau Aff. at ¶ 3.)

3. Simonds' headquarters is in Fitchburg, Massachusetts, and it maintains manufacturing sites throughout the world. (Thibodeau Aff. at ¶ 3.)

4. Plaintiff was employed by Simonds from 1982 until January 2000, when he was laid off as part of a Company-wide reorganization and reduction-in-force ("RIF").[1] (Deposition of Louis Alberghini taken on October 23, 2002 ("Alberghini Dep. I"), portions of which are attached hereto as Exhibit B, at 66-67, 72-73; Thibodeau Aff. at ¶ 7.)

5. However, shortly thereafter, in February 2000, Simonds re-hired Plaintiff, who then remained employed until May 31, 2001, when he was again laid off as a result of the Company's ongoing reorganization and RIF. (Alberghini Dep. I at 100; Deposition of Louis Alberghini taken on January 11, 2005 ("Alberghini Dep. II"), portions of which are attached hereto as Exhibit C, at 66; Deposition of John Jordan taken on March 14, 2005 ("Jordan Dep. II"), portions of which are attached hereto as Exhibit D, at 33, 101-102; Thibodeau Aff. at ¶ 7.) At the time Plaintiff was re-hired in February 2000 (and for the duration of his employment), Simonds compensated Plaintiff at the same rate of pay (and level of benefits) which he had been receiving immediately prior to his January 2000 layoff. (Thibodeau Aff. at ¶ 7.)

6. During Plaintiff's employment, which began in 1982, he held the following positions at the Company: Electrical Maintenance Supervisor; Electrical Engineer; Manager of Manufacturing Services; and Project Engineer. (Alberghini Dep. I at 44-49 and Exhibit 2.)

7. As Manager of Manufacturing Services, the position which he held for approximately 10 years prior to his January 2000 layoff, Plaintiff was responsible for overseeing plant services, including plant layout and maintenance. (Alberghini Dep. I at 67-69 and Exhibit 2.)

---

[1] Details regarding the reorganization and reduction-in-force which affected Plaintiff are set forth in paragraphs 4, 5 and 6 of the Affidavit of Ilda M. Thibodeau (attached hereto as Exhibit A).

8. During the period of February 2000 though May 2001, Plaintiff was employed by Simonds in the position of Project Engineer. (Alberghini Dep. I at 67-69 and Exhibit 1; Thibodeau Aff. at ¶ 7.)

9. In May 2001, as part of the ongoing RIF and reorganization to implement the Simonds Operating System and "Lean Manufacturing" techniques, the Company determined that the function of the Project Engineer position, namely specifically assigned projects relating to the manufacturing process and plant maintenance, could be absorbed by the manufacturing sector as a whole, and that it was necessary to focus more on product-related engineering (such as metallurgy, product development and quality and machine design). Accordingly, on May 31, 2001, the Project Engineer position at the Fitchburg facility was eliminated and Plaintiff was laid off.

10. As a Project Engineer, Plaintiff was responsible for performing specifically assigned engineering projects related to the manufacturing process and plant maintenance, as well as updating product prints. (Alberghini Dep. I at Exhibit 2.)

11. None of the particular duties which Plaintiff performed as a Project Engineer required mechanical engineering expertise. (Thibodeau Aff. at ¶ 12.)

12. At the time of Plaintiff's layoff, the Project Engineer position at Simonds was eliminated. (Thibodeau Aff. at ¶ 8.)

13. At the time of his layoff, Plaintiff was the only individual in the Project Engineer position at Simonds' Fitchburg facility. (Thibodeau Aff. at ¶ 9.)

14. Since his layoff, Simonds has neither reinstated the Project Engineer position nor hired anyone to replace Plaintiff. (Thibodeau Aff. at ¶ 10.)

15. The kinds of duties formerly performed by Plaintiff are no longer performed as specific and integrated engineering projects but, rather, are performed generally by the manufacturing sector. (Thibodeau Aff. at ¶ 11.)

16. At the time of his layoff on May 31, 2001, Plaintiff was presented with, among other things, a release of claims form that he was required to sign if he chose to receive four months of severance pay and benefits from Simonds. (Thibodeau Aff. at ¶ 13.)

17. This release of claims form is standard operating procedure for Simonds when providing severance benefits to terminated employees. (Thibodeau Aff. at ¶ 13.)

18. Because Plaintiff signed the release document, Simonds paid Plaintiff four months of compensation and continued his employee benefits for that same period of time. (Thibodeau Aff. at ¶ 14; Alberghini Dep. I at 151.)

19. In June 2001, approximately one month following Plaintiff's layoff, the former head of the engineering department, Raymond Edson (age 58 at the time; d.o.b. 2/26/43), Director of Manufacturing Engineering, retired from Simonds so that he could engage in the real estate business. (Thibodeau Aff. at ¶ 15.)

20. Additionally, at about the same time, the Engineering Manager, Steve Niemi (age 31 at the time; d.o.b. 7/29/69), resigned. (Thibodeau Aff. at ¶ 16.)

21. As a result, in June 2001, Richard Brault (age 50 at the time; d.o.b. 9/2/52), who had been employed by Simonds as a Senior Product Engineer since August 2000, was promoted to the position of Engineering Manager to replace Mr. Niemi. (Thibodeau Aff. at ¶ 17.)

22. Mr. Brault holds a Bachelor of Arts degree in Manufacturing Management and had substantial prior supervisory and management experience prior to coming to Simonds. (Thibodeau Aff. at ¶ 17 and Exhibit 2.)

23.     After the layoffs and the Edson and Niemi resignations, the engineering department quickly found itself with inadequate staffing. (Thibodeau Aff. at ¶ 18.)

24.     Simonds then assessed the specific needs of its very lean and redirected engineering department. The Company decided that its primary needs related to product/manufacturing engineering (e.g., metallurgy, product development and quality, and machine design). (Thibodeau Aff. at ¶ 19.)

25.     Thus, during the summer of 2001, Simonds hired two Product Engineers (a/k/a Manufacturing Engineers) - i.e., Peter Duperry (age 23 at the time; d/o/b 2/23/78) and Salvatore Santoro (approximately age 55 at the time; d/o/b 8/29/46). (Deposition of Peter Duperry ("Duperry Dep.")), portions of which are attached hereto as Exhibit E, at 6; Thibodeau Aff. at ¶ 20.)

26.     Not long after Simonds hired Salvatore Santoro in the summer of 2001, he became the Quality Manager in Simonds' Fitchburg facility, which position he still holds. The Company's previous Quality Manager, William Baker, was 49 years old (i.e., several years younger than Mr. Santoro) at the time Mr. Baker was laid off in May 2001. As Quality Manager, Mr. Santoro's primary duties involve overseeing and improving all of the facility's quality control functions. He is also responsible for ensuring that the Company remains compliant with "ISO 9000" (i.e., international standardization) requirements. (Thibodeau Aff. at ¶ 21; Jordan Dep. II at 68-69.)

27.     Jeremy Dexter (age 23 at the time of Plaintiff's May 2001 layoff; d.o.b. 9/23/77) had been an intern at Simonds for several months in 1998 and 1999. Mr. Dexter became a regular, full-time employee almost one year prior to Plaintiff's May 2001 layoff, and is a

Manufacturing Engineer/Process Metallurgist. (Deposition of Jeremy Dexter ("Dexter Dep.")), portions of which are attached hereto as <u>Exhibit F</u> at 6; Thibodeau Aff. at ¶ 22.)

28.  Messrs. Duperry, Santoro and Dexter all have Bachelor of Science degrees in Mechanical Engineering. (Duperry Dep. at p. 10; Dexter Dep. at p. 13; Thibodeau Aff. at ¶ 23 and <u>Exhibits 3, 4 and 5</u>.)

29.  Peter Duperry is no longer employed by the Company. (Thibodeau Aff. at ¶ 24.)

30.  On August 9, 2004 and November 8, 2004, respectively, the Company hired Anthony Maretta (age 22 at the time; d.o.b. 3/28/82) and Joseph Markowicz (age 50 at the time; d.o.b. 6/15/54) as Process Engineers (i.e., the position formerly known as "Product Engineer"). (Thibodeau Aff. at ¶ 25.)

31.  As of December 2002, 70 of the 81 non-union employees at Simonds' Fitchburg facility were age 40 and over; 25 employees were in their 40's; 34 employees were in their 50's; and 11 employees were in their 60's. At that time, only 8 employees were in their 30's and only 3 employees were in their 20's. (Thibodeau Aff. at ¶ 26 and <u>Exhibit 6</u>.)

32.  On or about November 23, 2001, Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") alleging discriminatory termination of employment on the basis of his age. (A true and complete copy of Plaintiff's MCAD complaint is attached hereto as <u>Exhibit G</u>.)

33.  On or about September 8, 2003, after investigation, the MCAD issued a finding of Lack of Probable Cause. (A true and complete copy of that decision is attached hereto as <u>Exhibit H</u>.)

34. Plaintiff appealed the dismissal, and the MCAD upheld its finding of Lack of Probable Cause on December 17, 2003. (A true and complete copy of that decision is attached hereto as Exhibit I.)

35. On or about May 26, 2004, Plaintiff filed a complaint with this Court alleging four counts of unlawful conduct: Count I (Age Discrimination in violation of M.G.L. c. 151B); Count II (Age Discrimination in violation of the Age Discrimination in Employment Act); Count III (Violation of the Older Workers Benefit Protection Act); and Count IV (Violation of the Civil Rights Act of 1991).

SIMONDS INDUSTRIES INC.,

By its Attorneys,

Jonathan R. Sigel, BBO# 559850
Kathryn E. Abare-O'Connell, BBO# 647594
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: August 8, 2005