| SIMONDS INDUSTRIES INC. | STANDARD CORPORATE PRACTICES | | |
|---|---|---|---|
| | INSTRUCTION NO. 1211 | PAGE 1 | OF 2 |
| | EFFECTIVE DATE 1/1/00 | | |
| PREPARED BY Human Resources | SPONSORING AUTHORITY President | SUPERSEDES NO. 1211 | DATED 9/9/91 |
| SUBJECT Separation Allowance Policy | DISTRIBUTION | | |

## 1.0 PURPOSE

To provide salaried employees with temporary protection against economic hardship due to separation as a result of organization and/or economic changes, in partial consideration of the employee's signing and returning the Terms and Conditions of Separation (Exhibit A).

## 2.0 COVERAGE

All regular, full time salaried employees.

EXCEPTION: When separation is a result of divestiture or similar circumstance and the Company has arranged for continued employment with the successor business, separation allowance will not be granted, whether or not such employment is accepted by the employee.

## 3.0 PROCEDURE

3.1  A regular full time salaried employee who is separated as a result of organization and/or economic changes will receive separation allowance giving consideration to the level of his/her position in the organization and length of service.

3.2  An employee who is terminated for reason(s) other than reorganization and/or economic changes, e.g., voluntary resignations or termination for misconduct, will not receive, nor be entitled to receive separation allowance under any circumstances.

3.3  Separation allowance shall be granted to eligible employees in accordance with the following schedule:

    3.3.1  Exempt employees management Grade 20 or above—1/2 month pay for each full year of service; minimum of 1/2 month pay to a maximum of four months' pay.

    3.3.2  All other exempt and non-exempt employees—one week's pay for each full year of service; minimum of two weeks pay with a maximum of four months pay. (16 weeks).

    Note: A week's pay includes salary only and does not include draw or other types of advance payments. Separation allowance will be offset by any debit balance attributed to an individual as of his/her date of separation.

    3.3.3  Separation allowances shall be made in the form of regular paychecks on the normal pay dates until the end of the severance period or recall.

    3.3.4  Payment of separation allowance is contingent upon the displaced employee conducting him/her self in a manner which would not be detrimental to the Company.

    3.3.5  Employees, who receive separation allowance in the form of regular paychecks during the separation period, shall continue to be covered by the Company's Medical/Dental/Life/AD&D plans during this period. All other benefit programs will be terminated as stated in the plan document, company policy and/or applicable laws.

    3.3.6  Generally the Company reserves the sole right to increase or to modify this separation policy, at any time.

.MONDS INDUSTRIES INC.  STANDARD CORPORATE PRACTICES

| INSTRUCTION NO. | PAGE | OF |
|---|---|---|
| 1211 | 2 | 2 |
| EFFECTIVE DATE | | |
| 1/1/00 | | |

| PREPARED BY | SPONSORING AUTHORITY | SUPERSEDES NO. | DATED |
|---|---|---|---|
| Human Resources | President | 1211 | 9/9/91 |

| SUBJECT | DISTRIBUTION |
|---|---|
| Separation Allowance Policy | |

3.4  Eligible employees shall be compensated for all current year unused, earned pro-rata vacation pay in addition to any separation allowance which may be awarded.

3.5  When an employee is being separated, the appropriate manager should complete and process the Change Request Form #5003.

Also, a separation agreement (Terms and Condition of Separation, Exhibit "A") explaining the terms of separation pay, must be signed by the terminating employee, witnessed by a Human Resources Representative or the employee's Supervisor.

No separation pay shall be authorized until the Terms and Conditions of Separation (Exhibit A) and the Change Request Form #5003 is received by the Corporate Compensation & Benefits Department and approved by the President.

3.6  If an employee submits a claim for unemployment benefits while receiving separation allowance, the Company will terminate separation allowance at the time we receive notice that a claim has been filed.

3.7  An employee who is separated should be informed as soon as practical and should leave the Company immediately. If there is compelling reason for keeping the individual after he/she has been informed of the termination, he/she may be retained to work for a period of time designated by the Company with no increase in separation allowance.

3.8  Any consideration for making payments under this policy must be discussed with and approved by the President prior to taking any action and/or making a commitment.

3.9  Any exceptions to this policy must be discussed with and approved by the President.

Massachusetts Commission Against Discrimination
Complaint Intake Interview Form

Name __Louis P. Alberghini__
Address Street __188 Lancaster Road__
   City __Berlin__         State __MA__    Zip __01503__
Telephone Home __(978)838-7368__  Work(   )   -
Social Security No. __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__    Date of Birth __8-30-1940__

---

Identify person(s) you may be contacted through if needed.
Name __Marcia L. Elliott__  Address __307 Central Street, Gardner, MA  01440__
Phone __978-632-7948__

---

Employer of Discriminating Official
Name __Simonds Industries, Inc.__
Address Street __Intervale Road__
   City __Fitchburg__        State __MA__    Zip __01440__
Telephone __(978) 343- 3731__
Number of Employees __More than 6 and more than 15 employees__
Date of last discriminatory act: __May 31, 2001__

---

I believe I was discriminated against in: (Check appropriate box)
[X]Employment [ ]Public Accommodation [ ]Education [ ]Credit
[ ]Services

---

I believe I was Discriminated against because of: (Check appr.box)
[ ]Race [ ]Color [ ]National Origin [ ]Ancestry [X]Age [ ]Sex
[ ]Sexual Harassment [ ]Sexual Orientation [ ]Disability
[ ]Maternity Leave [ ]Religion [ ]Criminal Record [ ]Retaliation

---

The type of discrimination is: (Check appropriate box)
[XX]Termination [ ]Failure to hire [XX]Layoff [ ]Harassment
[ ]Denied Promotion [XX]Terms & Conditions [ ]Reasonable
accommodation [ ]Other (Specify)_____

---

Identify other person(s) who were treated differently than you
(Not discriminated against) to which you compare yourself to.
Name __Peter Dupree, Richard__    (i.e. Race, Sex, Handicap)
     __Brault and Jeremy Dexter__    Age

---

Summarize the act(s) of dicrimination you are complaining about.
__I believe that Simonds discriminated against me by terminating my
employment and by treating me differently in relation to younger employee
and by replacing me with a younger person while I was qualified to
perform the job.__
State the remedy you are seeking: __Back pay, front pay, lost benefits
emotional distress damages, costs interest attorneys fees, and punitive
damages, i__
signed __Louis P. Alberghini__         Date __11/19/01__         __applicable__

---

MCAD Official Use Only
You have an appointment to file a complaint at MCAD on:
Date                   Telephone 617-727-3990

# ATTORNEY ASSISTED UNIT FACT SHEET

*This fact sheet was designed to help parties with cases that have been assigned or transferred to the Attorney Assisted Unit for investigation. If, after reading this, you still have questions call the attorney-assisted unit at the Commission. The following are answers to frequently asked questions by counsel:*

- Cases assigned or transferred to the attorney assisted unit occur only when there is <u>counsel representing both parties</u>. When counsel to one or both parties makes a written notice of withdrawal of representation from the case, the case will be automatically transferred to the Pro-Se Unit.

- All correspondence should be sent to the attorney investigator assigned to the case. In the event there is no attorney investigator assigned to the case, correspondence should be addressed to the Attorney Assisted Unit. Correspondence should <u>not</u> be sent to the Investigating Commissioner.

- All correspondence and documents sent by counsel must be copied to all parties named in the action. Counsel for parties are responsible for seeing to it that he/she have been copied on all documents.

- Each named Respondent must file a position statement within twenty one (21) days of receiving a formal charge of discrimination (even if there is a motion to remove the claim to state court). Each Respondent may be allowed <u>one</u>, twenty one (21) day extension upon the showing of good cause and <u>upon approval by the attorney assisted unit</u>. The Respondent is required to submit a confirming letter regarding the extension to all parties and the attorney assisted unit.

- Position statements must be <u>signed and affirmed</u> by a principal or person, other than counsel, authorized to act for Respondent. *(804 CMR 1.10(8)(e))*.

- Parties interested in resolving matters through mediation or arbitration should contact opposing counsel for agreement and send a <u>joint request</u> for an American Arbitration Association referral in writing to the assigned attorney investigator. *(804 CMR 1.10(3))*.

- Once the parties have received a position statement, the Commission shall issue a Pre-Determination Discovery Order pursuant to the new regulations authorizing parties to conduct limited discovery for a ninety (90) day period. Discovery is limited to fifteen (15) interrogatories, fifteen (15) requests for production of documents and six (6) hours of depositions. Parties are required to respond to interrogatories within forty five (45) days of receipt and within thirty (30) days for the production of documents. Both parties may jointly opt to waive out of conducting discovery (this must be done as a joint stipulation in writing). *(804 CMR 1.13)*.

- Discovery requests and responses should <u>not</u> be copied to the Commission. Copies may be attached to the memorandum of fact and law in support of one's arguments.

- All contested motions should be filed pursuant to the Commission's motion process (similar to Superior Court Rule 9A). <u>Motions failing to comply with this process will not be ruled on</u>. A certificate of service showing that motions were filed in accordance with the regulations and that good faith attempts to resolve the matter with opposing counsel were made <u>must</u> accompany all motions. *(804 CMR 1.05(3)(d) and (b))*.

- <u>Joint motions</u> for extensions of discovery will automatically be granted for good cause as long as it is submitted in writing and the time for extension does not exceed sixty (60) days. Counsel will <u>not</u> receive notice that an extension has been granted.

- Based on the Pre-Determination Discovery Order, subpoenas may be issued to depose parties in the name of the Commission by counsel for the parties. This applies to third party witnesses as well. A motion to compel must be made before a request to enforce the subpoena is made. *(804 CMR 1.14)*.

- Each party must submit a memorandum of fact and law within thirty (30) days after the close of discovery. Parties are requested to provide all opposing counsel with a copy of the Memorandum. Responses to the Memoranda will not be allowed without permission from the attorney investigator.

- Copies of our new regulations may be purchased at the Secretary of State bookstore or you can find them on our website at: www.state.ma.us/mcad

03/16/2000  MCAD-AAU

The Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Rm. 220, Springfield, MA 01103
Phone: (413) 739-2145 Fax:

1/16/2002

Simonds Industries, Inc
Intervale Road
Fitchburg, MA 01420

           RE: Louis P Alberghini vs. Simonds Industries, Inc
           MCAD Docket Number: 01SEM10657
           EEOC/HUD Number: 16CA200719

Dear Respondent:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has received the above referenced complaint of discrimination which alleges that you have committed an act of discrimination. A copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint. The Commission has assigned one of its staff, Angela Robertson, to investigate the complaint. This MCAD investigator will keep the parties informed of developments arising from that investigation.

State law requires that you submit a formal written answer to the complaint in the form of a Position Statement. This written answer should be submitted to MCAD Investigator within twenty-one (21) days of receipt of this notification. In addition, the Position Statement **must be notarized**. A copy must also be forwarded to the Complainant at the address listed on the enclosed complaint. Failure to file an answer or Motion for a More Definite Statement within the prescribe time may result in sanctions being imposed in accordance with 804 CMR 1.16. These sanctions may include but are not limited to:
  a. allegations in the complaint being taken as established for the purposes of the case in accordance with the claims of the Complainant;
  b. a waiver by Respondent of the right to have the Commission conduct further investigation, determine whether there is probable cause and/or make conciliation efforts;
  c. your being barred from introducing any and all evidence at the public hearing;
  d. your being barred from introducing designated matters into evidence at the public hearing;
  e. your being barred from presenting any and all defenses at the public hearing; and,
  f. your being barred from opposing designated claims or supporting designated defenses at the public hearing.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about that Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Offices, 436 Dwight Street, Rm. 220, Springfield, MA, at 11:30 AM on 05/21/02. You are required to attend this Conference.

One important purpose of this Conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigative Conference, please contact Angela Robertson at (413) 739-2145 x ~~106~~ 108.

MCAD Docket Number 01SEM10657, Serve Respondent – With Investigative Conference

Sincerely,

Angela Robertson
Investigator

Cc:

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Simonds Industries, Inc  
Intervale Road  
Fitchburg, MA 01420

Person Filing Charge: Louis P Alberghini  
This Person (Check One): (X) Claims to be aggrieved  
( ) Is filing on behalf of

Date of Alleged Violation: 05/31/01  
Place of Alleged Violation:  
EEOC Charge Number: 16CA200719  
MCAD Docket Number: 01SEM10657

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS (See Attached Information Sheet For Additional Information)

You are hereby notified that a charge of employment discrimination under
- [ ] Title VII of the Civil Rights Act of 1964
- [X] The Age Discrimination in Employment Act of 1967 (ADEA)
- [ ] The Americans Disabilities Act (ADA)

Has been received by
- [ ] The EEOC and sent for initial processing to   MCAD
  (FEP Agency)
- [X] The Mass. Commission Against Discrimination
  (FEP) Agency and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

- [X] As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

- [ ] An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
- [X] Enclosure: Copy of the Charge

Basis of Discrimination
| ( ) Race | ( ) Color | ( ) Sex | ( ) Religion | ( ) National Origin |
| (X) Age | ( ) Disability | ( ) Retaliation | ( ) Other | |

Circumstances of alleged violation:
SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

EEOC Charge Number 16CA200719, EEOC Transmittal Letter to Respondent

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|---|---|---|
| 1/16/2002 | Robert L. Sanders, Director | |

EEOC Charge Number 16CA200719, EEOC Transmittal Letter to Respondent

# EXHIBIT H

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
436 DWIGHT STREET, ROOM 220, SPRINGFIELD, MASSACHUSETTS 01103
(413 739-2145)

### -DISMISSAL and NOTIFICATION of RIGHTS-

DATE: 9-8-03

To: Marcia L. Elliott, Esquire
307 Central Street
Gardner MA 01440

Case: Alberghini v. Simonds Industries Incorporated
Docket No: 01-SEM-10657-AG
EEOC No: 16CA200719
Investigator: Gilbert L. May

Your complaint is dismissed for the following reasons:

[ ]  The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[ ]  Respondent employs less than the required number of employees

[ ]  Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]  The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]  The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ XX ]  The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]  Other (briefly state) _____

### -NOTICE of APPEAL-

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. Your appeal of the dismissal must be made in writing by you or your attorney to the appeals clerk of this Commission. (Attention: Migdalia Rivera).

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, One Congress Street Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____                    9/4/03
Cynthia A. Tucker                             _____
Investigating Commissioner                    Date

cc: Jonathan R. Siegel, Respondent's Attorney
    Bowditch & Dewey
    PO BOX 15156
    Worcester MA 01615-0156

MEMORANDUM

TO: CASE FILE
CASE NAME: Alberghini v. Simonds Industries Incorporated
MCAD NO: 01-SEM-10657-AG
EEOC NO: 16CA200719
FROM: Gilbert L. May
NUMBER OF EMPLOYEES: More than 15
RE: Dismissal and Notification of Rights

ISSUE(S) INVESTIGATED:

On November 23, 2001, Complainant, a sixty-one (61) year old male with a date of birth of 8-30-40, filed a complaint with this Commission charging that Respondent subjected him to unlawful discrimination by terminating him because of his age, in violation of M.G.L. Chapter 151B Section 4 Paragraph 1B and the Age Discrimination in Employment Act.

RECOMMENDATION:

The evidence presented does not support the Complainant's allegations that he was subjected to unlawful discrimination because of his age. Respondent has submitted legitimate non-discriminatory reasons for Complainant being laid off as part of a reduction in force. The evidence submitted indicates that during this reduction in force, Respondent retained employees in the protected age group as well as hired individuals in the protected age for open available positions in which they were qualified for.
Complainant has failed to produce sufficient evidence of pretext.
Therefore, there is insufficient evidence upon which a fact-finder could form a reasonable belief that it is more probable than not that the Respondent committed an unlawful practice.

_____
Gilbert L. May
COMPLIANCE OFFICER

_____
Migdalia Rivera
SUPERVISOR