# EXHIBIT I

The Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Rm. 220, Springfield, MA  01103

December 17, 2003

Marcia L Elliott, Esquire
Elliott Law Office, P.C.
307 Central Street
Gardner, MA 01440

RE: Louis P Alberghini Vs. Simonds Industries, Inc
MCAD DOCKET NO: 01SEM10657

Dear Ms. Elliott:

On November 05, 2003 a preliminary hearing was held regarding the above reference complaint to consider the Complainant's appeal of lack of probable cause finding issued in this Complaint on September 08, 2003.

Based upon information presented at the appeal hearing and a review of the evidence adduced in investigation, I have determined that the Lack of Probable Cause finding in this case is affirmed. This means that investigation and appeal evidence fails to establish sufficient   evidence to determine that an unlawful act of discrimination has been committed.

Very truly yours,

Cynthia Tucker
Investigating Commissioner

cc:
Jonathan Siegel, Esquire
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615

# EXHIBIT J

# ELLIOTT LAW OFFICE



**MARCIA L. ELLIOTT***
**JOHN M. FLICK**
**OF COUNSEL**

***ALSO ADMITTED WISCONSIN**

**307 CENTRAL STREET**
**GARDNER, MA 01440**

**PHONE: (978) 632-7948**
**FAX:    (978) 630-3703**

June 11, 2002

VIA FACSIMILE & FIRST CLASS MAIL

Angela Robertson
Attorney Assisted Unit Investigator
Massachusetts Commission Against Discrimination
436 Dwight Street, Room 220
Springfield, MA 01103

      Re:    Lou Alberghini v. Simonds Industries, Inc.
              <u>MCAD Docket No. 012310657</u>

Dear Ms. Robertson:

    This letter is to respond to the additional submission of information of Respondent, Simonds Industries, Inc., dated June 3, 2002 relative to statistical information and qualifications of employees retained or hired by the company after Mr. Alberghini's termination.

## REBUTTAL OF RESPONDENT'S STATISTICAL ANALYSIS

    The Respondent's statistical analysis is flawed, incomplete and devoid of supporting documentation. In the first instance, Respondent fails to provide the supporting documentation of how it arrived at percentages of workers over the age of forty and under the age of forty and the reasons for the separation of employees that resulted in the current numbers of workers over the age of forty and under the age of forty. Furthermore, the Respondent's statistical analysis is overbroad in time, as it includes periods of time after the Complainant and Ronald Larsen filed their charges of discrimination. The courts have found that statistical information that exceeds the filing of the complaint for discrimination is not useful or probative.

    Moreover, the Complainant's allegation of discrimination is that the Respondent did not treat age neutrally in its reduction in force at the Fitchburg facility, which resulted in the termination of a disproportionate number of workers over the age of forty. Again, the lump numbers of all facilities continually pointed to by Respondent have little or no bearing on the reduction in force at the Fitchburg facility and are not limited to the reduction in force of the Respondent, but include persons whose separation of employment from the company had nothing to do with the reduction in force. In <u>LeBlanc v. Great American Insurance Company</u>, 6 F.3d. 836, 848 (1st. Cir. 1993), the court noted that statistical evidence would be flawed if it

Angela Robertson
Alberghini v. Simonds Industries, Inc.
June 11, 2002
Page 2

does not compare qualified employees, if it does not distinguish the reasons why the employees are no longer employed and if it is not limited to the relevant time period.

As stated in the Complainant's rebuttal, all of the persons laid off for reduction force reasons at the Fitchburg facility in 2000 were over the age of 40. After reviewing additional information obtained in discovery in the Ron Larsen case, it is now apparent that all but one person laid off from the Fitchburg facility in 2001 for reduction in force reasons were over the age of forty. The average age of persons laid off in 2000 for reduction in force reasons at the Fitchburg facility is 58.6 and the average age of persons laid off in 2001 at the Fitchburg facility for reduction in force reasons is 51.2. See page 3 of Complainant's rebuttal incorrectly stating average age at 49.9 and see Exhibit 1 attached hereto, excerpt of Respondent's answers to interrogatories in Ronald Larsen case listing all persons laid off at Fitchburg facility since Ronald Larsen's termination.

At Exhibit S-1 of Respondent's position statement, the Respondent alleges that the listing is the active employees of the company as of December 31, 2001. However, the Respondent, interestingly, does not provide a listing of active employees by facility prior to the date of Mr. Larsen's and Mr. Alberghini's terminations. Therefore, no comparison can be made of the average age of the employees prior to and after the reduction in force at the Fitchburg facility.

You will also note that there is a correlation between years of service and those selected for termination from the Fitchburg facility in 2000 and 2001. With the exception of Bill Baker and Jeff Carnivale, (and Robert Ilewicz who was terminated for cause) all persons affected by the reduction in force were long-term employees in which there appears to be a correlation between salary and age and years of service. Compare years of service at Exhibit 7 attached to Respondent's Position Statement.

Finally, as stated in Complainant's rebuttal, the proper analysis to determine the disparate impact on workers over the age of forty must include the comparison of workers within a facility by job classification and by age of those laid off and those retained after the reduction in force. Statistical information in a reduction in force case must be based upon comparable employees to be a meaningful indicator and where it does not reflect the significant differences between employees is prejudicial and misleading. See Schultz v. McDonnell Douglas Corporation, 105 F.3d 1258, 1259-60 (8th Cir. 1997). See also, 29 C.F.R. § 1625.22.

For all of the foregoing reasons, a discovery order should issue in this case forthwith.

## RESPONDENT'S SELECTION OF COMPLAINANT FOR LAYOFF

In a reduction in force case, the Complainant must demonstrate that he was at least 40 years of age, he met the employer's performance expectations, he was terminated and the employer did not treat age neutrally or younger persons were retained in the same position. Brennan v. GTE Government Systems, Corp. 150 F.3d 21, 26 (1st Cir. 1998). Lack of neutrality may be shown by a facially discriminatory policy or by an age-neutral policy that has the effect

Angela Robertson
Alberghini v. Simonds Industries, Inc.
June 11, 2002
Page 3

of discriminating against older persons. Id. at 27. Comparative evidence in combination with data showing a disproportionate of terminated older employees is probative of age discrimination. Id. at 28. It is also an indicator sufficient to show the lack of neutrality in Respondent's decision making. Id.

Although it is not required of Complainant to show that a younger person replaced him, younger engineers were retained while Complainant was qualified to perform the jobs for which they were retained and it appears that his duties were subsumed by other younger employees. The reassignment of duties that the Complainant is qualified to perform constitutes retaining younger employees in the same position. See Flebotte v. Dow Jones & Co., Inc. 51 F. Supp.2d (D.Mass. 1999).

In this case, Jeremy Dexter and Lou Alberghini, just prior to Mr. Alberghini's termination were both listed as Project Engineers. See Exhibit 2 attached hereto, originally submitted as Respondent's Exhibit 5 to Position Statement. The Respondent retained Mr. Dexter, who is only 24 years old, in a position referred to as Manufacturing Engineer. Mr. Dexter graduated form engineering school in May 2000. The Respondent next hired Mr. Peter Duperry ( 24 years old) and Mr. Salvatore Santoro ((the fact that Mr. Santoro is 55 years old is not determinative of lack of age bias, see O'Connor v. Consolidated Coin Caterers Corp. 517 U.S. 308 (1996) (discussion of intra-class discrimination)), as so-called "Product Engineers".

Respondent attempts to argue that Mr. Dexter, and Mr. Duperry, who only graduated from engineering school in May of 2001 and has virtually no work experience, are far more qualified than Mr. Alberghini, who has over 43 years of work experience, 20 of which came from working with the Respondent's products. The contention is clearly ridiculous. Mr. Alberghini also holds a degree in engineering equivalent to Mr. Duperry's degree albeit in another field of engineering. However, Mr. Alberghini's experience with the manufacturing of Respondent's products must be considered in the comparison. Reviewing the job description of the Product Engineer in comparison to Mr. Alberghini's prior positions shows similar duties of the positions. Mr. Alberghini's duties included monitoring quality of the product, designing new methods and processes for the product to enhance productivity an to reduce costs and his position required him to stay current with state of the art manufacturing techniques. It is important to note that Mr. Alberghini never received any poor performance evaluations or warnings. It is clear that he satisfactorily performed all duties as required of him in his positions. You will note that these duties are not dissimilar from those of the Product Engineer that Respondent claims Mr. Duperry is more qualified to perform.

While it is true that Mr. Alberghini has no metallurgy experience, there is no indication that Mr. Alberghini could not have performed the positions of Mr. Duperry, Mr. Santoro or Mr. Brault for that matter. The evidence shows that Mr. Alberghini did indeed have supervisory experience, in particular in supervising engineers.

Angela Robertson
Alberghini v. Simonds Industries, Inc.
June 11, 2002
Page 4

The retention of younger employees, coupled with the disproportionate older workers affected by the reduction in force, the age-bias statement of Mr. Owens to Mr. Larsen near the time of the first reduction in force affecting Mr. Alberghini and Mr. Larsen, and Ms. Jearman's statement of the Respondent's reduction in force policy to lay off higher paid, older and experienced workers requires a finding of probable cause and a discovery order for pre-certification discovery should issue immediately.

Respectfully submitted,

Marcia L. Elliottt

Cc:    Louis Alberghini
       Jonathan Sigel, Esq.

**COMPLAINANT'S
EXHIBIT 1**

Simonds Industries Inc.



| Supersedes | Section (SUB) | Page (s) | Dated |
|---|---|---|---|
| Current | 1996-2001 | Bus. Plan | 2/1/00 |
| | 14.4.1 | 1 of 1 | |

Ron Owens
Sr. VP Manufacturing

Ken Myer
Director of Materials

John Jordan
Plant Manager

Ray Edson
Director of Engineering

Bill Baker
Q.A. Manager

Q.C. Function
6

S. Niemi
Supervisor Mfg. Eng.

B. Brown
Prin. Eng.

E.Evancic
Chief Met.

W. Logan

L. Alberghini
Project Eng.

J. Dexter
Project Eng.

T. Szocik
Facilities Mgr.

Don Hagelberg
Methods Eng.

J. Schutt
Gen. Fore. Wood
D. Bourgeois
Unit Mgr. Metal
T. Darling
Unit Mgr. Metal
W. Balcom
Unit Mgr. Metal
K. Edmands
Unit Mgr. 3-11
B. Marlen
Unit Mgr. 11-7
W. Fletcher
Unit Mgr. Rule
C. Mansfield
Unit Mgr. Maint.

J. Carnivale
H.R. Manager

Betty Schofield
HR/Training

Purchasing
R. Juaire
J. Page

P. & IC Coordinators
D. Mankelow
P. Thomas
R. Mundie

Ship/Rec/Raw Mat &
Weld Center
D. Stewart
Shipping
Raw & Rec.

**COMPLAINANT'S
EXHIBIT 2**

on the Plant Manager, but the process has been streamlined and made more efficient.

## INTERROGATORY NO. 9

Please set forth the full and complete job duties and responsibilities of any person who replaced the Plaintiff or performed any of the duties and responsibilities of the Plaintiff's position after his termination.

## ANSWER NO. 9

See answer to Interrogatory No. 8. Plaintiff's position as Metal Band Operations Manager was eliminated. There no longer exists any management level between Unit Managers and Plant Manager.

## INTERROGATORY NO. 10

For every person employed at the Fitchburg facility, after Plaintiff's termination and to the present time, state the persons' (sic) name, age, date of birth, position for which hired, job title, salary, and if terminated the date of termination and reason for termination.

## ANSWER NO. 10

See document attached hereto as Exhibit I.

## INTERROGATORY NO. 11

For every person terminated at the Fitchburg facility after Plaintiff's termination and to the present time, state the date of termination, the name, age and reasons for termination.

ANSWER NO. 11

Simonds objects to Interrogatory No. 11 on the grounds that it seeks the production of private information.

Without waiving its objections, and specifically relying thereon, Simonds answers Interrogatory No. 11 as follows:

| Name | Age | Termination Date | Termination Reason |
|------|-----|------------------|--------------------|
| Kozloski, Robert J. | 62 | 11/2/01 | RIF |
| Zirpolo, Joanne | 48 | 11/2/01 | RIF |
| Meattey, Stephen M. | 47 | 11/30/01 | RIF |
| Schutt, Jeffrey A. | 45 | 11/30/01 | RIF |
| Ilewicz, Robert L. | 42 | 12/18/00 | Terminated |
| Bastien, Richard | 49 | 12/7/01 | RIF |
| Baker, William B. | 50 | 5/31/01 | RIF |
| Alberghini, Louis P. | 61 | 5/31/01 | RIF |
| Brown, Barry | 54 | 5/31/01 | RIF |
| Whitcomb, Ralph E. | 51 | 8/10/01 | RIF |
| Carnivale, Jeffrey J. | 31 | 9/14/01 | RIF |
| Manktelow, David W. | 57 | 9/14/01 | RIF |
| Ackles, Nancy | 68 | 5/31/01 | RIF |

INTERROGATORY NO. 12

Please explain in complete detail any and all of the Defendant's bonus plans, incentive compensation plans, deferred compensation plans, and profit sharing plans in effect at the time of Plaintiff's termination and any changes or amendments to such plans to the present time.

ANSWER NO. 12

See documents attached hereto as Exhibit 2.