UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL SECTION

| | |
|---|---|
| LOUIS P. ALBERGHINI,<br>Plaintiff,<br><br>V.<br><br>SIMONDS INDUSTRIES, INC.,<br>Defendant. | CIVIL ACTION NO.   04-40092-FDS |

## PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS IN DISPUTE PURSUANT TO LOCAL RULE 56.1

NOW COMES the Plaintiff, Louis P. Alberghini to submit a concise statement of material facts in dispute as to which it is contended that there exists a genuine issue to be tried in support of his opposition to Defendant, Simonds Industries, Inc.'s ("Simonds" or "Defendant") motion for summary judgment.

1.   Simonds claim that it and its predecessors have been manufacturing cutting tools since 1832 is not a material fact in dispute because it is not relevant to the substantive law of age discrimination. Therefore, Plaintiff is not required to proffer evidence that there is a genuine issue to be tried as to such fact. (Defendant's Statement of Undisputed Facts at ¶ 1).

2.   Simonds contention that it manufactures a wide assortment of tools that cut metal, wood, paper and plastics is not a material fact in dispute because it is not relevant to the substantive law of age discrimination and plaintiff is not required to prove that there is a genuine issue to be tried as to that fact. (Defendant's Statement of Undisputed Facts at ¶ 2).

3.  To the extent that Simonds has omitted the fact that Simond's Fitchburg facility is also a manufacturing facility, the Plaintiff contends that there is a genuine issue of material fact to be tried. (Plaintiff's Appendix 1, Simonds' Fitchburg manufacturing facility Organizational Chart as of February 2000).

4.  Plaintiff contends that there is genuine issue of material fact to be tried concerning whether the Plaintiff was laid off as part of a "Company-wide reorganization and reduction in force." Plaintiff asserts that Simonds' reasons for terminating the Plaintiff are pretexts for discrimination. When the Plaintiff was originally terminated in January 2000, the evidence shows that Simonds was not engaged in a Company-wide reorganization and reduction in force. Rather, Ronald Owens, Vice-President of Manufacturing testified that the level of management involving the Plaintiff, James Bourque and Ronald Larsen had already been eliminated prior to the reduction in force. (Plaintiff's Appendix 2, Owens Deposition at p. 138). See also, (Plaintiff's Appendix 7, Raymond Martino Memorandum dated August 21, 2001 in which Mr. Martino refers to the 2001 reduction in force as "RIF #1). Raymond Martino, CEO stated at a company board meeting in October 1999 when he was first hired as CEO at age 47 that Simonds' promotion practices "resulted in some conventional wisdom mentality and lack of diversity in the management ranks." (Plaintiff's Appendix 3, Larsen Trial Transcript, Martino testimony at p. 2-169). Simonds Fitchburg facility's managerial, professional and technical workforce at the time predominately consisted of age-protected employees many of whom were approximately 60 years old. (Plaintiff's Appendix 4, "Exhibit A", Simonds'employees list by age, date of hire, date of termination, salary and job title). Shortly after Mr. Martino made these statements, Mr. Martino directed John Jordan, Plant Manager, to terminate the Plaintiff and the other two age-protected managers in and about December 1999. (Plaintiff's Appendix 5, Jordan

2

Deposition I at p. 78-79). All five employees terminated by Simonds Fitchburg facility on January 7, 2000 in Simonds alleged reduction were over age 40. (Plaintiff's Appendix 6, Simonds' Termination list at the Fitchburg facility). Although Mr. Alberghini was rehired for a little over a year, he was not rehired in a management position. (Defendant's Statement of Undisputed Facts at ¶ 8). Mr. Martino ultimately decided which employees to reduce in 2001. (Plaintiff's Appendix 7, Martino memorandum dated August 21, 2001). Of the employees terminated due to Simonds alleged reduction in force for financial and reorganization reasons, 14 of the 17 non-union employees terminated through 2001 were over 40 years of age. (Appendix 4, "Exhibit A"). Neither Mr. Alberghini nor other employees were given a reason for termination that involved restructuring of the engineering department or that the downsizing was due to company financial problems. (Plaintiff's Appendix 8, Jordan Deposition II at pp. 24, 82-84, Plaintiff's Appendix 9, Alberghini Deposition I at p. 84, Appendix 5, Jordan Deposition I at pp. 67, 73). A restructuring of the engineering department did not occur until after Mr. Alberghini's termination when Richard Brault became the engineering manager, which amounted to no more than assigning the engineers to a specific product line. (Plaintiff's Appendix 10, Brault Deposition at pp. 41-42). Simonds, in May of 2001 was not suffering financially. (Plaintiff's Appendix 11, Affidavit of John Jordan, Appendix 8, Jordan Deposition II at p. 86-87). In 2001, Mr. Jordan and Mr. Owens were paid bonuses of $18,000.00 and $50,000.00 based upon the performance of the company in 2000. (Appendix 5, Jordan Deposition I at p. 85, Appendix 2, Owens Deposition at p. 181). Mr. Martino continued to hire additional executives and other employees at significant salaries through August of 2001. (Plaintiff's Appendix 3, Martino testimony at pp. 177-178, Appendix 11, Jordan Affidavit Appendix 4, "Exhibit A"). In past reductions in force, under Ilda Thibodeau's management,

Simonds had terminated employees based upon their age. (Plaintiff's Appendix 12, Larsen Trial transcript, Patricia Jearman testimony at pp. 3-61-3-63, Plaintiff's Appendix 13, Affidavit of Patricia Jearman). Simonds' company documents indicate that age and years of service were considered in the selection of employees for termination in 2001. (Plaintiff's Appendix 14).

5. To the extent that Simonds infers that the rehiring of the Plaintiff in February of 2000 at his former rate of pay obviates that Simonds actions were not because of age discrimination, the Plaintiff contends that there is a genuine issue to tried because Simonds omits that the Plaintiff was rehired as a project engineer on a temporary basis and not in a managerial position as he formerly held. (Defendant's Statement of Undisputed Facts at ¶ 8).

6. It is undisputed that Plaintiff's job titles during his employment were Electrical Maintenance Supervisor, Electrical Engineer, Manager of Manufacturing Services and Project Engineer. Plaintiff contends, however, that there is a genuine issue to be tried regarding whether Simonds job titles were indicative of the job duties and responsibilities of the engineering department employees, including the Plaintiff. Job descriptions did not entirely encompass the job duties and functions of the position and, in most cases, the employees were not aware of the job descriptions and simply did the projects as directed by the engineering manager. (Plaintiff's Appendix 15, Duperry Deposition at pp. 45-46, Plaintiff's Appendix 17, Dexter Deposition at pp. 68-69). At no time did Simonds indicate that the job title was changed to Product Engineer in order to require the employee hired to the position to have a mechanical engineering degree. (Appendix 15, Duperry Deposition at pp. 56, 58)

7. Plaintiff contends that there is a genuine issue of material fact to be tried concerning what Plaintiff's job duties and responsibilities were during the ten years prior to his termination in January 2000. Plaintiff's experience encompassed more than just overseeing

4

plant services, including plant layout and maintenance. (Plaintiff's Appendix 11, Jordan Affidavit, Appendix 8, Jordan Deposition II at pp. 47-54, 72, 109-111).

8.  Plaintiff disputes that the Plaintiff was the only employee with the title Project engineer. Jeremy Dexter (age 23 at that time) also held the title Project Engineer and he was not laid off in May 2001. Plaintiff contends that this is a genuine issue of a material fact to be tried. (Plaintiff's Appendix 16, Simonds Position Statement in the Alberghini MCAD case at ¶ 10, Appendix 1, Simonds Organizational Chart dated February 2000).

9.  Plaintiff disputes that the Project Engineer position was eliminated, rather the position was given a new title while the job duties and responsibilities similar. The job was to be focused on the product line which Plaintiff was more than qualified to do. Furthermore, the Plaintiff also had begun training in Lean Manufacturing. (Appendix 9, Alberghini Deposition I at pp. 131-132. However, Simonds made the decision to continue training Mr. Dexter, who was 23 years old, versus the Plaintiff on the Lean Manufacturing concepts. Mr. Duperry, who also was 23 years old, never had training in Lean Manufacturing until after Simonds hired him in August 2001. (Appendix 10, Brault Deposition at pp. 41-42, Appendix 17, Dexter Deposition at pp. 61-62, Appendix 15, Duperry Deposition at p. 20). For these reasons, there is a genuine issue of material fact to be tried.

10.  Plaintiff disputes the limitations Simonds places on his job responsibilities and contends that there is a genuine issue of material fact to be tried. (Appendix 8, Jordan Deposition II at pp. 47-54, Appendix 5, Jordan Deposition I at p. 91-102, Appendix 11, Jordan Affidavit).

11.  Plaintiff disputes that the Plaintiff's job duties and responsibilities did not require mechanical engineering. Although his degree is in electrical engineering the Plaintiff had

performed mechanical engineering and manufacturing engineering during his employment and was qualified by his engineering education to perform such duties. Id. (Plaintiff's Appendix 8, Jordan Deposition II at pp.47-54, Appendix 18, Alberghini Deposition II at pp. 36-40, 84-88, Appendix 17, Dexter Deposition at pp. 48-49). Duties performed by Dexter and Duperry before and after the Plaintiff's termination did not require a mechanical engineering degree. (Appendix 17, Dexter Deposition at pp. 36, 45-46, 48-49, Appendix 15, Duperry Deposition at pp. 17-18, 49, 53).

12. As stated above, Plaintiff disputes that the duties of the Project Engineer position was eliminated. Mr. Dexter and Mr. Duperry assumed those types of duties. (Appendix 17, Dexter Deposition at pp. 44-46, Appendix 15, Duperry Deposition at pp. 42-44).

13. Plaintiff disputes that he was the only employee in the position of Project Engineer at the time of his termination. Mr. Dexter also was classified as a Project Engineer until after Plaintiff's termination. (Plaintiff's Appendix 1, Appendix 16 at ¶ 10).

14. Plaintiff disputes that the duties of the Project Engineer position were eliminated and he asserts that employees Mr. Dexter and Mr. Duperry, both age 23 at the time, assumed the duties of the position. (Complaint at ¶ 9 and Defendant's Answer and Counterclaim at ¶ 9).

15. Plaintiff disputes that his former duties are no longer performed and contends that there is a genuine issue to tried as to whether the manufacturing engineer/manufacturing engineer positions also performed Plaintiffs former duties and whether he is qualified to perform such duties as a manufacturing engineer or a product engineer. (Plaintiff's Appendix 22, Job Descriptions of Project Engineer and Product Engineer). Plaintiff also relies on references to the record in paragraph 11 above. One Hundred Percent of the machinery at Simonds had electrical

6

components that neither Mr. Duperry nor Mr. Dexter were qualified to work on. (Appendix 15, Duperry Deposition at p. 40).

16. Plaintiff disputes that the release of claims he signed prohibits him from pursuing age discrimination claims against Simonds. Simonds never intended the release to waive age discrimination claims. (Plaintiff's Appendix 19, Terms and Conditions of Separation, Appendix 16, Simonds Position Statement in the Alberghini MCAD case at ¶ 11).

17. Simonds has not required (as standard operating procedure) the release of claims to be signed as a prerequisite to receiving severance pay. Simonds had never in fact denied any exiting employee severance pay for not signing the waiver of claims. (Plaintiff's Appendix 19, Simonds Position Statement in the Larsen MCAD case at ¶ 4).

18. Plaintiff disputes that Simonds paid him four months of severance pay and continued his benefits as a result of his signing the said release form. Simonds would have paid him the severance even if he did not sign the release and furthermore, the severance pay was not consideration for waiving age discrimination claims. (Plaintiff's Appendix 20, Simonds Position Statement in the Larsen MCAD case at ¶ 4, Plaintiff's Appendix 19, Terms and Conditions of Separation, Appendix 16 Simonds Position Statement in the Alberghini MCAD case at ¶ 11).

19. It is undisputed that Raymond Edson retired in June 2001.

20. It is undisputed that Steve Niemi resigned.

21. It is undisputed that Simonds promoted Richard Brault to Engineering Manager.

22. The Plaintiff disputes that Mr. Brault was more qualified than the Plaintiff for that position and disputes that the experience and education of Mr. Brault made him more qualified than the Plaintiff for the position. Because of Mr. Alberghini's management experience with

7

union negotiations, labor-management disputes, personnel decisions, employee reviews, preparation of budgets, capital expenditure proposals and other management responsibilities, he was equally qualified to perform the position of engineering manager as well as the positions of Product Engineer or Manufacturing Engineer. (Appendix 10, John Jordan Affidavit, Appendix 7, Jordan Deposition II at 109-111). Mr. Brault did not hold an engineering degree at all. (Appendix 10, Brault Deposition at p. 14)

23. It is undisputed that Simonds had inadequate staff after the resignations of Mr. Niemi and Mr. Edson.

24. Plaintiff disputes that Simonds philosophy for the engineering department or the goals and job duties of the engineering department changed after the resignations of Mr. Edson and Mr. Niemi and contends there is a genuine issue of material fact to be tried. Neither Mr. Alberghini nor other employees were given a reason for termination that involved restructuring of the engineering department or that the downsizing was due to company financial problems. (Plaintiff's Appendix 7, Jordan Deposition II at pp. 24, 82-84, Plaintiff's Appendix 8, Alberghini Deposition I at p. 84). A "restructuring" of the engineering department did not occur until after Mr. Alberghini's termination when Richard Brault became the engineering manager and then the "restructuring" amounted to assigning the engineers to a specific product line. (Plaintiff's Appendix 9, Brault Deposition at pp. 41-42, Appendix 15, Duperry Deposition at pp. 37-38 Appendix 17, Dexter Deposition at p. 52).

25. It is undisputed that Simonds hired Peter Duperry and Salvatore Santoro in 2001. Plaintiff disputes, however, that the job title of product engineer or manufacturing engineer changed the job duties of the job formerly held by Plaintiff under the title Project Engineer. Id.

26.   It is undisputed that Mr. Santoro became the quality manager or that William Baker was laid off at the same time Plaintiff was laid off for the second time in May 2001.

27.   It is undisputed that Mr. Dexter interned at Simonds prior to being hired as a full-time employee. It is disputed that Mr. Dexter's latter title significantly changed the job duties both he and the Plaintiff performed under the title of Project Engineer prior to the Plaintiff's termination in May 2001 with the exception of any metallurgy duties he may have performed. (Plaintiff's Appendix 7, Jordan Deposition II at pp. 24, 82-84, Plaintiff's Appendix 8, Alberghini Deposition I at p. 84, Plaintiff's Appendix 9, Brault Deposition at pp. 41-42).

28.   It is undisputed that Mr. Dexter, Mr. Santoro and Mr. Duperry have mechanical engineering degrees.

29.   Whether Mr. Duperry is still employed by Simonds is not a material fact in dispute because it is not relevant to the substantive law of age discrimination and plaintiff is not required to prove that there is a genuine issue to be tried as to that fact.

30.   Plaintiff is without any information to dispute or agree with the facts stated by Simonds in paragraph 30 and puts it to Simonds to show that such facts are material to the outcome of the case. The Plaintiff is not required to prove that there is a genuine issue of material fact to be tried concerning Simonds recently hired engineers.

31.   The age make up of Simonds non-union workforce as of December 2002 is not material to the substantive law of age discrimination that occurred in this case in May of 2001. Moreover, it is not valid statistical analysis to rebut the Plaintiff's expert witness report in which he found statistically significant age discrimination. (Plaintiff's Appendix 21, Dr. Cobb's report).

9

32. It is undisputed that he Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination on or about November 23, 2001.

33. It is undisputed that the MCAD issued a lack of probable cause finding. To the extent that Simonds implies the MCAD finding is binding on the court in this case, it is disputed because it is a question of law and fact, which does not entitle Simonds to summary judgment in its favor.

34. It is undisputed that the Plaintiff appealed the finding of the MCAD and that the MCAD upheld its original decision. However, the MCAD decision does not entitle Simonds to summary judgment in its favor as a matter of law.

35. It is undisputed that the Plaintiff filed the instant action against Simonds.

LOUIS ALBERGHINI,
THE PLAINTIFF
BY HIS ATTORNEYS,

*/s/ Marcia L. Elliott*
Marcia L. Elliott, Esq. (BBO# 564291)
John M. Flick, Esq. (BBO# 652169)
Elliott Law Office, P.C.
307 Central Street
Gardner, MA 01440
(978) 632-7948

Dated: September 15, 2005

10

## **CERTIFICATE OF SERVICE**

    I, Marcia L. Elliott, Esquire, hereby certify that I have this day served a true copy of the foregoing by mailing said copy, first class, postage prepaid to Defendant's attorney, Jonathan Sigel at Bowditch & Dewey, LLP, 311 Main Street, Worcester, MA 01615.

                                                      Marcia L. Elliott, Esquire