UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LOUIS P. ALBERGHINI,<br><br>    Plaintiff,<br><br>v.<br><br>SIMONDS INDUSTRIES INC.,<br><br>    Defendant. | CIVIL ACTION NO. 04-40092-FDS<br><br>Jonathan R. Sigel, BBO# 559850<br>Kathryn E. Abare-O'Connell, BBO# 647594 |

## MOTION TO STRIKE PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS AND APPENDIX 14 OF PLAINTIFF'S OPPOSITION

Defendant, Simonds Industries Inc. ("Simonds" or "the Company") hereby moves this Court to strike Plaintiff Louis Alberghini's Concise Statement Of Undisputed Facts ("Plaintiff's Statement") and Appendix 14 to Plaintiff's Memorandum Of Law In Support Of His Opposition To Defendant's Motion For Summary Judgment ("Appendix 14"). As grounds for its motion, the Company states as follows: (1) Plaintiff's Statement fails to comply with the requirements of Local Rule 56.1 of the United States District Court for the District of Massachusetts; (2) Appendix 14 was not authenticated; (3) Appendix 14 was not accompanied by an Affidavit; and (4) Appendix 14 was improperly withheld from production during discovery.

I.  **THIS COURT SHOULD STRIKE PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS AND ACCEPT DEFENDANT'S STATEMENT OF UNDISPUTED FACTS AS ADMITTED.**

Simonds submits that Plaintiff's Statement should be stricken, in whole or in part, on the ground that it fails to comply with the requirements of Local Rule 56.1 because it contains impermissible argument and conclusions. In accordance with Rule 56.1, the non-moving party has an obligation to present this Court with a statement of *genuinely disputed material facts* that conforms to that rule's requirements. In Plaintiff's Statement, Plaintiff has presented numerous "statements" which are not facts at all but, rather, merely arguments and conclusions that should be reserved for Plaintiff's memorandum of law. Accordingly, Plaintiff's Statement should be stricken in its entirety. In the alternative, the Court should, at a minimum, strike paragraphs 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 22, 24, 27, 31, 33 and 34 of Plaintiff's Statement because those paragraphs constitute argument and conclusion rather than statements of disputed issues of fact.

Plaintiff's Statement utterly fails to meet the requirements of Rule 56.1, with the result that Plaintiff obfuscates rather than clarifies the issues for summary judgment. Therefore, the addition of the Statement, in its entirety, to the summary judgment record is likely to unduly prejudice Simonds because it significantly clouds the crucial issues in this case. Courts have recognized that a party's failure to adhere to these explicit procedural requirements may result in "both confusion for the court and possible prejudice to the opposing party." Dale v. H.B. Smith Co., Inc., 910 F. Supp. 14, 20 (D. Mass. 1995) (denying motion for summary judgment "on procedural grounds" for defendant's failure to comply with Local Rule 56.1). See Roslindale Cooperative Bank v. Greenwald, 638 F.2d 258, 260 (1st Cir. 1981) ("With so much space and attention given to such matters, even a court with unlimited time and patience would run a

serious risk of being distracted from a party's good points, if any there were."); Broderick v. Roache, 751 F. Supp. 290, 295 (D. Mass. 1990) (mandating that "… in the light of the complexity of law and longstanding animosities apparent in the facts of this case, strict compliance with the requirements of Local Rule 56.1 … will be expected from both parties"). In light of the policy considerations underlying Local Rule 56.1, courts do not look lightly upon a party's failure to adhere to that rule's mandates.

In this case, the vast majority of Plaintiff's Statement consists of non-factual argument and conclusions. Accordingly, the Statement should be stricken in whole or in part.[1]

## II.   THIS COURT SHOULD STRIKE APPENDIX 14.

It is well-settled that "[t]o be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (internal citations and quotation marks omitted). Indeed, "the affiant must be a person through whom the exhibits could be admitted into evidence." Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987).

In the present case, Plaintiff merely attached Appendix 14 to his Memorandum, without even identifying the source of the documents, let alone authenticating the documents through an

---

[1] Plaintiff may argue that he has contradicted some of Defendant's Statement of Undisputed Facts in the "Brief Statement of Facts" section of his Opposition. However, the "Brief Statement of Facts" clearly does not comply with Local Rule 56.1. Specifically, Local Rule 56.1 requires that:
> [o]pposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried with page references to affidavits, depositions and other documentation.

Local Rule 56.1. Despite such requirement, Plaintiff fails to provide citations to the record for approximately two pages of asserted facts contained in his "Brief Statement of Facts." Moreover, many of the asserted facts in Plaintiff's "Statement of Facts" were not contained in Plaintiff's Statement of Undisputed Facts. Therefore, Plaintiff has violated Local Rule 56.1, and, accordingly, this Court should strike Plaintiff's "Statement of Facts" and rule that Defendant's Statement of Undisputed Facts are admitted by Plaintiff for purposes of Simonds' Motion for Summary Judgment.

affidavit from a person through whom the documents could be admitted into evidence.[2] Indeed, Plaintiff has made no representations whatsoever as to the source or authenticity of these documents. As a result, Simonds is not aware of the documents' author(s), the date(s) on which they were created, whether the documents are related to each other and/or whether the documents were created by the same person.[3] Moreover, during the four years that the parties have been involved in this litigation, the documents have never been authenticated or identified at any deposition or other proceeding. Accordingly, Appendix 14 should be stricken from the summary judgment record. See Carmona, 215 F.3d at 131 (reversing summary judgment and finding that an exhibit that was purported to be investigation file which was unsworn, uncertified and merely attached to summary judgment motion should not have been considered by court). See also Robinson v. Bodoff, 355 F. Supp. 2d 578, 582 (D. Mass. 2005) ("The failure to authenticate a document properly precludes its consideration on a motion for summary judgment.").

In addition, Appendix 14 should be stricken from the record because Plaintiff improperly withheld these documents from Simonds during discovery. On September 17, 2002, while this matter was pending at the Massachusetts Commission Against Discrimination, Simonds served upon Plaintiff's attorney *Respondent's First Request For Production of Documents*. Attachment A. Although Appendix 14 is responsive to Defendant's request number 5 (as well as numerous other requests), Plaintiff did not produce these documents to Simonds at any time during discovery. As a result, Simonds was not aware of Appendix 14 prior to receiving Plaintiff's

---

[2] In fact, in his Memorandum and Statement of Disputed Facts, Plaintiff cites to Appendix 14 without providing any information about it or its relevance to the present case.

[3] Simonds acknowledges that the first page of Appendix 14 is a copy of a headcount report that is regularly distributed by Simonds to show the employees currently employed in each department. However, Simonds has no information about the source or meaning of the handwritten numbers on that first page. Simonds has no information whatsoever about the second page of Appendix 14.

Opposition, and, therefore did not have these documents for the purposes of conducting depositions or preparing its Motion For Summary Judgment. Indeed, Simonds is still unaware of the origin and nature of these documents. Accordingly, Plaintiff should be precluded from offering this exhibit in support of his Opposition.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff Louis Alberghini's Concise Statement of Disputed Facts and Appendix 14 to Plaintiff's Memorandum of Law In Support Of His Opposition To Defendant's Motion For Summary Judgment be stricken in their entirety.

SIMONDS INDUSTRIES INC.,

By its Attorneys,

Jonathan R. Sigel, BBO# 559850
Kathryn E. Abare-O'Connell, BBO# 647594
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: October 27, 2005