UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL SECTION

LOUIS ALBERGHINI,
    Plaintiff,

V.

SIMONDS INDUSTRIES, INC.,
    Defendant.

CIVIL ACTION NO. 04-40092-FDS

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS IN DISPUTE AND APPENDIX 14 OF PLAINTIFF'S OPPOSITION**

AND NOW COMES the Plaintiff, Louis Alberghini ("Mr. Alberghini") and submits his opposition to Defendant's Motion to Strike Plaintiff's Concise Statement of Material Facts in Dispute and Appendix 14 of Plaintiff's Opposition.[1] As grounds for its motion, Plaintiff states as follows; 1) Plaintiff's statement specifically addresses the genuine and disputed material facts at issue in this matter and complies with Local Rule 56.1 in all respects, and 2) Appendix 14, in its entirety consists of documents produced by the Defendant in discovery.

**I.**    **THE PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS IN DISPUTE COMPLIES WITH THE REQUIREMENTS OF LOCAL RULE 56.1 AND SHOULD BE ADMITTED.**

Local Rule 56.1 requires that a party opposing a motion for summary judgment submit with its opposition a concise statement of the material facts of record "as to which it is contended that there exists a genuine issue to be tried." LR, D. Mass. 56.1. Plaintiff's statement responds

---

[1] Defendant incorrectly refers to Plaintiff's Statement of Undisputed Facts in its heading.

line for line to Defendant's Statement of Undisputed Facts and clearly shows that genuine issues of material facts exist and are properly left to a trier of fact. Plaintiff's statement consists solely of facts from the record as evidenced, throughout his statement, by the references to affidavits, deposition pages, and other documents produced during discovery.

In cases where genuine issues of material fact exist, as supported by pleadings, depositions, answers to interrogatories, and affidavits, if any, summary judgment is not proper and the adjudication of the facts must be left to the trier of fact. See Fed. R. Civ. P. 56(c). The Defendant is merely attempting to ask this Court to ignore the obvious issues of material fact in this matter in an effort to manipulate the facts and this Court. Moreover, prejudice is not sufficient to strike Plaintiff's statement in whole or in part.

Whereas uncontested statements made in Defendant's Statement of Undisputed facts, as moving party, are deemed admitted if left unanswered, the Defendant's objection to Plaintiff's challenge of Defendant's facts is simply an attempt at an end run around the summary judgment standard. See Carreiro v. Rhodes Grill & Co., 68 F.3d 1443, 1446 n. 3 (1st Cir. 1995). This attempt by the Defendant is not only unprofessional, but highly improper and should not be given any credit by this Court.

In support of its position, the Defendant cites Dale v. H.B. Smith Co., Inc. Defendant's reliance on Dale is misplaced since in the Dale matter the defendant failed to submit any statement of material fact relying instead on factual assertions in its memorandum. Dale v. H.B. Smith Co., Inc., 910 F. Supp. 14, 20 (D. .Mass 1995). Unlike the defendant in Dale, the Plaintiff in this matter did submit a separate statement of material facts with references to sworn affidavits and deposition testimony. The Defendant's reliance on Roslindale is nothing short of scurrilous.

Whereas the Plaintiff has complied in all respects with Local Rule 56.1, the Court should deny the defendant's motion to strike and allow Plaintiff's statement of material facts to stand.

## II. APPENDIX 14 OF PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE STRIKEN AS THE DOCUMENTS ARE DEFENDANT'S DOCUMENTS PRODUCED BY DEFENDANT DURING DISCOVERY IN THIS MATTER.

Defendant's arguments concerning the admissibility of Appendix 14, are curious, since Appendix 14, in its entirety was produced by the Defendant in its response to Plaintiff's request for production of documents in this matter. Therefore, the Defendant is aware of the authorship, and the dates of authorship of these documents. This matter is distinguishable from the cases cited by the Defendant in this case because the documents relied on by the non-moving party, were produced by the moving party in discovery. In the Carmona case, the documents were the defendant's documents and were relied upon by the defendant as the moving party. See Carmona v. Toledo, 215 F.3d 124 (1st Cir. 2000).

Whereas the Defendant produced the documents in Appendix 14 in response to Plaintiff's discovery requests, Appendix 14 should not be stricken. Furthermore, the Plaintiff's counsel authenticated the documents in the same manner that Defendant's counsel authenticated documents Defendant relied upon in its motion to comply with Rule 56(e). See Defendant's Motion for Summary Judgment at ¶ 5 and Plaintiff's Opposition to Defendant's Motion for Summary Judgment at ¶ 5. Additionally, an exhibit that is made part of Plaintiff's summary judgment record and was produced by the Defendant must be considered by the Court in making a decision on the motion. See Hindman v. Transkrit Corp., 145 F.3d 986, 992 (8th Cir. 1998).

WHEREFORE, Plaintiff, Louis Alberghini respectfully requests that this Court deny Defendant's motion to strike Plaintiff's Concise Statement of Material Facts in Dispute and Appendix 14 of Plaintiff's Opposition.

LOUIS ALBERGHINI,
The plaintiff
by his attorneys,

Marcia L. Elliott, Esq. (BBO#564291)
John M. Flick, Esq. (BBO# 652169)
Flick & Elliott, P.C.
307 Central Street
Gardner, MA  01440
(978) 632-7948

Dated: November 14, 2005

## CERTIFICATE OF SERVICE

I, John M. Flick, Esquire, hereby certify that I have this day served a true copy of the foregoing by hand delivery to Defendant's attorney, Jonathan Sigel, of Bowditch & Dewey, LLP, 311 Main Street, Worcester, MA 01615.

Dated: November 14, 2005

_____
John M. Flick, Esquire