UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| LOUIS P. ALBERGHINI,<br><br>Plaintiff,<br><br>v.<br><br>SIMONDS INDUSTRIES INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-40092-FDS<br><br>Jonathan R. Sigel, BBO# 559850<br>Kathryn E. Abare-O'Connell, BBO# 647594 |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Defendant Simonds Industries Inc. ("Simonds" or "the Company") submits this Reply to Plaintiff's Opposition to Defendant's Motion To Strike Plaintiff's Concise Statement of Material Facts In Dispute and Appendix 14 ("Plaintiff's Opposition").

### ARGUMENT

**I.   DEFENDANT DID NOT PRODUCE APPENDIX 14 IN ITS ENTIRETY.**

Plaintiff claims that "Appendix 14, in its entirety was produced by the Defendant in its response to Plaintiff's request for production of documents in this matter." (Plaintiff's Opposition at 3.) Although it has now come to Defendant's attention that it produced portions of Appendix 14, those documents were not produced in this proceeding but, rather, were produced more than three years ago in the Massachusetts Commission Against Discrimination ("MCAD") action which preceded this litigation.

Moreover, Defendant did not produce Appendix 14 in its entirety. Appendix 14 consists of two pages – the first page is a type-written spreadsheet with handwritten marks on it and the second page is an entirely handwritten document. (A true and complete copy of Plaintiff's

Appendix 14 is attached hereto as Exhibit A.) Although Defendant produced the type-written spreadsheet as part of a four-page document over three years ago, the document which Defendant produced did not contain any handwritten marks. (See Affidavit of Kathryn E. Abare-O'Connell, Esq. ("Abare-O'Connell Aff."), attached hereto as Exhibit B, and Exhibit 1 attached thereto.) Accordingly, it appears that Plaintiff or his counsel has altered that document.[1] Thus, Appendix 14 was not produced in its entirety, as Plaintiff contends.

II. **EVEN THOUGH DEFENDANT PRODUCED PORTIONS OF APPENDIX 14, THIS COURT SHOULD NOT CONSIDER IT BECAUSE IT HAS NOT BEEN AUTHENTICATED.**

Even though Defendant produced portions of Appendix 14 during the MCAD proceedings, this Court should, nevertheless, still require that such documents be authenticated through an affidavit in order to be considered for summary judgment purposes.

> If the materials that a party wishes to submit are litigation documents … some courts will permit these to be included with the motion papers without the necessity of a covering affidavit so long as the nature of the document (e.g., answer to interrogatory) and its authenticity are clear on the face of the document …. [w]hen counsel is litigating in a district that has such a local rule forbidding filing of most discovery documents, these discovery documents will not be part of the court record, so counsel must be sure to affix these discovery documents to a covering affidavit if counsel wishes the documents to be considered on a summary judgment motion.

MOORE'S FEDERAL PRACTICE Vol. 11 § 56.10[4][c][iii]. Indeed, this District has such a Local Rule that forbids the filing of discovery documents. See Loc. R. 26.6 (A). Accordingly, these documents are not part of the Court record and must be attached to an affidavit to be considered for summary judgment purposes.

---

[1] Furthermore, although Defendant produced the hand-written sheet over three years ago, to the extent that Plaintiff suggests that these pages were produced as one document, that contention is false and misleading.

Moreover, in the present case, the nature and authenticity of the documents included as Appendix 14, are precisely at issue. In Plaintiff's Memorandum of Law in Support of His Opposition to Defendant's Motion for Summary Judgment ("Memorandum") and Plaintiff's Concise Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 ("Plaintiff's Statement"), Plaintiff cites to these documents as evidence that Simonds considered the age of its employees prior to conducting its reductions-in-force. (Memorandum at p. 9; Plaintiff's Statement at ¶ 4.) However, there is absolutely no evidence on the record regarding the author of these documents, the date these documents were created, or for what purpose these documents were created or used. Plaintiff has made no attempt to explain the nature of these documents through affidavits or otherwise, and these documents were not once addressed during the numerous depositions in this matter. To the contrary, Plaintiff merely attached these documents to his Opposition and made baseless and conclusory allegations about them. Accordingly, this Court should not consider these documents for purposes of summary judgment.

Plaintiff argues that his statement in his Opposition that "[t]he Plaintiff submits true and exact copies of all documentary evidence, deposition transcripts, trial transcripts and all other attachments to his opposition" is sufficient to authenticate the documents attached as Appendix 14. Despite Plaintiff's contention, however, it is clear that such a statement in the Opposition is not sufficient.

> Documents supporting or opposing summary judgment must be properly authenticated. See Fed.R.Civ.P. 56(e). "To be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2722 at 382 (3d ed. 1998)); see also Cummings v. Roberts, 628 F.2d 1065, 1068 (8th Cir. 1980) (records attached to affidavit but not certified as required by Fed.R.Civ.P. 56(e) not properly considered by district court); Hal

3

> Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1551 (9th Cir. 1989). Rule 56(e) requires that the affidavit be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Moreover, "sworn or certified copies of all papers" referred to in the affidavit must be attached.

Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000).[2] Moreover, Appendix 14 does not represent a true and exact copy of evidence. To the contrary, Appendix 14 consists of part of one document altered by unexplained and unidentified handwritten comments combined with a separate unrelated document. See Exhibit A.

Accordingly, Plaintiff has utterly failed to authenticate or even produce any evidence which would identify Appendix 14 and, therefore, it should be stricken from the record in its entirety.

### III.  EVEN IF THIS COURT CONSIDERS THESE DOCUMENTS, THEY DO NOT CREATE ANY GENUINE ISSUE OF MATERIAL FACT.

Even if this Court considers Appendix 14, these documents do not create any genuine issue of material fact. Plaintiff argues that Appendix 14 demonstrates that Defendant considered age in conducting its reductions in force. However, Plaintiff has not produced any evidence to support that contention. In fact, Plaintiff has not produced any evidence to give the documents attached as Appendix 14 any meaning or context. Plaintiff has not demonstrated who created the documents, when the documents were created, what the documents were used for, or even what information is contained in these documents. Accordingly, even if this Court considers Appendix 14 to be part of the record, those documents do not, in any event, establish a genuine issue of material fact.

---

[2] Plaintiff also asserts that he authenticated documents in the same manner that Defendant authenticated documents. That contention is false. All documents submitted by Defendant in support of its Motion For Summary Judgment and its Reply were either authenticated by an Affidavit or were litigation documents, the nature and authenticity of which were clear on their face.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its Motion To Strike Plaintiff's Statement Of Undisputed Facts and Appendix 14 of Plaintiff's Opposition, Defendant Simonds Industries Inc. respectfully requests that this Court grant its Motion To Strike.

SIMONDS INDUSTRIES INC.

By its Attorneys,

Jonathan R. Sigel, BBO #59850
Kathryn E. Abare-O'Connor, BBO #647594
Bowditch & Dewey, LLP
311 Main Street - P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: January 4, 2006