Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL SECTION

| | |
|---|---|
| LOUIS P. ALBERGHINI,<br>            Plaintiff,<br><br>V.<br><br>SIMONDS INDUSTRIES, INC.,<br>            Defendant. | CIVIL ACTION NO.   04-40092-FDS |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO
PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION TO STRIKE**

NOW COMES the Plaintiff, Louis P. Alberghini to submit this sur-reply to Defendant's reply to Plaintiff's opposition to Defendant's motion to strike Plaintiff's Appendix 14.

**I.     DEFENDANT PRODUCED THE HANDWRITTEN DOCUMENT CONTAINING THE NAME, AGE, YEARS OF SERVICE AND OTHER SELECTION INFORMATION WHICH IS ADMISSIBLE EVIDENCE OF AGE DISCRIMINATION**

Defendant does not deny that it produced the handwritten document in the exact form as it is contained in Appendix 14.  Clearly, this document, standing alone, shows that an employee's age was a factor in the Defendant's selection of employees for termination.   Other than the Plaintiff's legal counsel's authentication of the document in a signed statement that the document is a true and exact copy of the document received in discovery, no other authentication is required in this instance.  This case is distinguishable from <u>Carmona v. Toledo</u>, 215 F.3d 124, 131 (lst Cir. 2000).  First and foremost, the Defendant admits that this document is a true and exact copy of the document produced to the Plaintiff in discovery.  In the <u>Carmona</u> case, one of the parties (the plaintiff) was unaware of the document in question until it was submitted with the

summary judgment papers due to Defendant's failure to comply with discovery.  Id.  In this case, both the Defendant and the Plaintiff have a copy of the handwritten document in the exact form in which Defendant produced it in discovery.

Furthermore, an unauthenticated document is not per se inadmissible.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1551 (9th Cir. 1989).  Hal Roach Studios is one of the cases that the First Circuit relied upon in the Carmona decision.  In that case, the court found a competent witness with personal knowledge could authenticate the document at trial, which would allow the court to consider it during the summary judgment stage.  Id.  For purposes of the summary judgment motion, the court assumes that the submitted documents can be properly authenticated when it is not suggested that the documents are not what they purport to be.  Pichowicz v. Atlantic Richfield, 1996 U.S. Dist. LEXIS 22689 (D.N.H. 1996).

Moreover, the lack of testimony identifying an exhibit does not preclude its authentication.  Barry Wright Corp. v. ITT Grinnell Corp., 1981 U.S. Dist. LEXIS 9432 (D. Mass. 1981).  Rule 901(b)(4) of the Federal Rules of Evidence provides that "appearance, contents, substance, internal patterns or other distinctive characteristics, taken in conjunction with circumstances" may satisfy the requirement of authentication.  The lack of deponent testimony by deponents does not render documents inadmissible, as it affects only the weight to be accorded exhibits by fact-finders at a trial.  Id.  In this case, the handwritten document specifically states which management employees will be terminated and includes a reference to the manager's age by the name.   This information connects to Plaintiff's Appendix 4 attached to his opposition which contains the list of management and professional employees terminated in the alleged reduction in force along with other identifying information.  All the employees listed on the handwritten document are also listed in Appendix 4 on the document refered to as Exhibit

2

A which was also produced by the Defendant. Both Bennett and Schutt, who were over age 40, were terminated in 2001 along with the Plaintiff, Louis Alberghini.

Finally, an attorney's declaration that documents are true and correct copies of Defendant's responses constitutes testimony by a witness with knowledge of what the firm received from its opponent in response to legitimate discovery requests is proper authentication. <u>Commercial Data Servers, Inc. v. IBM,</u> 262 F. Supp. 2d 50, 58-59 (D.N.Y. 2003). Indeed, as was the case in <u>Commercial Data Servers</u>, the Defendant has not objected that the document is not authentic, just that it is not authenticated. <u>Id</u>. The court in that case found the characteristics of the documents in question and the surrounding circumstances, indicated that they were authentic documents. <u>Id</u>.

> The court in <u>Commercial Data Servers</u> stated further that
>
> It is disingenuous and wasteful for plaintiff to object that its own documents are not authenticated, and thus inadmissible at trial and on summary judgment. The appearance of these documents and the circumstances surrounding this motion - most importantly the fact that the plaintiff is in the best position to know if they are authentic and that they have never claimed that they are not - show that these are authentic documents.

<u>Id</u>. at 60. As is the case here, the Defendant does not deny that the handwritten document at Plaintiff's Appendix 14 is authentic.

**II. LOCAL RULE 26.6 (A) DOES NOT REQUIRE AUTHENTICATION OF DOCUMENTS ATTACHED TO A MOTION FOR SUMMARY JUDGMENT**

Local Rule 26.6 (A) states:

> Nonfiling of Discovery Materials. Automatic or voluntary disclosure materials, depositions upon oral examinations and notices thereof, depositions upon written questions, interrogatories, requests for documents, requests for admissions, answers and responses thereto, and any other requests for or products of the discovery process shall not be filed unless so ordered by the court or for use in the proceeding. The party taking a deposition or obtaining any material through discovery is responsible for its preservation and delivery to the

3

court if needed or so ordered. If for any reason a party or concerned citizen believes that any of the named documents should be filed, an ex parte request may be made that such document be filed, stating the reasons therefor. The court may also order filing sua sponte. If relief is sought under Fed. R. Civ. P. 26(c) or 37, copies of the relevant portions of disputed documents shall be filed with the court contemporaneously with any motion. If the moving party under Fed. R. Civ. P. 56 or the opponent relies on discovery documents, copies of the pertinent parts thereof shall be filed with the motion or opposition.

In relevant part, Local Rule 26.6(A) merely states that documents relied on by either party with regard to a motion under Fed.R.Civ.P. 56 must be filed with the motion or opposition. Local Rule 26.6 does not forbid the filing of discovery documents in such a case as Defendant alleges at page 2 of its reply brief.

### III. THE PLAINTIFF HAS NEVER IMPLIED OR INFERRED THAT THE DOCUMENTS AT APPENDIX 14 WERE PRODUCED AS ONE DOCUMENT

Plaintiff's opposition contains appendices, which are collections of supplementary material by definition of the term. At no time did the Plaintiff's opposition state that the handwritten document at Appendix 14 and the typewritten document at Appendix 14 were produced as one document. In his opposition, the Plaintiff stated that "Simonds' company documents indicate that age and years of service were considered in the selection of employees for termination in 2001" and that "the ages of the managers and their years of service were considered or considered in part in selecting those individuals for termination" in reference to Appendix 14. Plaintiff's Concise Statement of Material Facts in Dispute at ¶ 4 and Plaintiff's Opposition to Summary Judgment at p. 9. Neither statement implies or infers that the documents at Appendix 14 were produced as one document.

4

## IV. PLAINTIFF'S LEGAL COUNSEL'S FILES CONTAIN TWO DIFFERENT COPIES OF THE TYPEWRITTEN DOCUMENT AND THUS PLAINTIFF AGREES THAT THE COURT SHOULD NOT CONSIDER THAT DOCUMENT

After a diligent search of the discovery files, the Plaintiff's legal counsel found two copies of the typewritten document provided at Appendix 14 of Plaintiff's opposition. One copy contains the handwritten ages, which was the one the Plaintiff submitted with his opposition, and one copy is without the handwritten ages on it. See Affidavit of Marcia L. Elliott, Esq. attached hereto as Exhibit B. Since both parties are not in agreement that the typewritten document with handwritten ages was produced in discovery, the Plaintiff agrees that the court should not consider that particular typewritten document in making a decision on the summary judgment motion. The origination of the document is unclear so Plaintiff agrees to withdraw the typewritten document.

## V. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the court not strike the handwritten document provided at Appendix 14 of his opposition to Defendant's summary judgment motion. The Plaintiff agrees to withdraw from the court's consideration the typewritten document at Appendix 14.

    Respectfully submitted:

    LOUIS ALBERGHINI,
    The Plaintiff,
    By his Attorneys

|  | /s/ Marcia L. Elliott |
|---|---|
|  | Marcia L. Elliott, Esq. (BBO# 564291) |
|  | John M. Flick, Esq. (BBO# 652169) |
|  | Flick & Elliott, P.C. |
|  | 307 Central Street |
|  | Gardner, MA 01440 |
| Dated:  January 18, 2006 | (978) 632-7948 |

## CERTIFICATE OF SERVICE

I, Marcia L. Elliott, hereby certify that on this 18th day of January 2006, that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Marcia L. Elliott
Marcia L. Elliott, Esq.